387 A.2d 1266

**COMMONWEALTH of Pennsylvania**

v.

**Raymond OLIVER, Appellant.**

Supreme Court of Pennsylvania.

Submitted Nov. 14, 1977.

Decided June 2, 1978.

Rehearing Denied July 21, 1978.

148

Roy H. Davis, Drexel Hill, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Deputy Dist. Atty. for Law, Michael R. Stiles, Asst. Dist. Atty., Chief, Appeals Div., for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and LARSEN, JJ.

## OPINION OF THE COURT

MANDERINO, Justice.

Appellant, Raymond Oliver, was convicted of murder in the third degree and possession of an instrument of crime in a nonjury trial on October 1, 1975. Post-verdict motions were filed on October 8, 1975. On January 19, 1976 the post-verdict motions were withdrawn at the request of appellant and sentence was imposed. Appellant received a sentence of seven to fifteen years for the murder and a consecutive five-year sentence of probation for the possession crime. This direct appeal, involving only the murder conviction, followed.

After submitting a brief in this appeal, appellant's counsel filed a petition requesting permission to withdraw as appellant's counsel. For the reasons that follow we deny counsel's petition and remand the record to the trial court for filing and consideration of post-verdict motions.

The brief filed by appellant's counsel is indeed a strange one, woefully inadequate under the rule set out in *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). It cannot be considered an advocate's brief. The brief states under the required section "Statement of Questions Involved" only the following:

"Whether or not counsel for the appellant should be permitted to withdraw from the case and appellant be permitted to proceed in propria persona?"

In the section of the brief entitled "Summary of the Argument" the brief states in its entirety:

"The question involved is whether or not counsel for the appellant should be permitted to withdraw from the case and appellant be permitted to proceed in propria persona. The appellant withdrew his motions for a new trial and in arrest of judgment. Counsel feels that this action precluded appeal."

In the section of the brief entitled "Argument," which consists of two pages, counsel points out to this Court several issues which might be raised on behalf of the appel-

lant and then suggests to this Court that there is no merit to these issues. "[T]o call this an advocate's brief would be to make a travesty of the appellate process." *Commonwealth v. Baker,* 429 Pa. 209, 212, 239 A.2d 201, 203 (1968).

We cannot accept the brief submitted by appellant's counsel as an advocate's brief fulfilling counsel's responsibility to his client. Under such circumstances, we would ordinarily enter an order directing counsel to comply with *Anders, supra,* by filing a more adequate brief with this Court. For the reasons that follow, however, we do otherwise in this case.

The prosecution has not filed an appellee's brief in this case. Apparently, it is the policy of some district attorneys' offices not to file briefs in so-called *Anders* cases. We strongly condemn this practice. A brief should be filed informing this Court of the prosecution's position. Although we have no prosecution brief in this case, appellant's counsel has done some of the prosecution's work. He has argued that we should not entertain appellant's appeal in that no issues have been preserved for appeal because of appellant's withdrawal of post-verdict motions. It is not appellate counsel's responsibility to write a brief for the prosecution, however. Appellate counsel must submit an advocate's brief for the client. *Commonwealth v. Perry,* 464 Pa. 272, 346 A.2d 554 (1975).

We have sua sponte examined the record to determine whether any issues have been properly preserved for appellate appeal. Our examination of the record before us indicates that although appellant withdrew his post-verdict motions, he did so only after being misinformed by the court as to the effect that such a withdrawal would have on his right to appeal. He was told by the trial court that if he withdrew post-verdict motions, he *might* be limiting his appeal rights.

"THE COURT: And by withdrawing those motions that you *might* be limiting your appeal rights—you *might* be

limiting what the Court could consider on appeal; do you understand that? (Emphasis added.)

DEFENDANT: Yes, sir."

Such a statement obviously implies that appellant could still appeal and *might not* be limited in his appeal. Under these circumstances appellant's decision to withdraw his post-verdict motions cannot be said to have been knowingly and intelligently made. *Commonwealth v. Williams,* 459 Pa. 589, 330 A.2d 854 (1975); see also Pa.R.Crim.P. 1123(c)(3).

If we were to order counsel to file a new and adequate brief before this Court, after receiving such a brief we would still be confronted with the fact that any issues raised were not first presented to the trial court via post-verdict motions. It would serve no purpose, therefore, to have a new brief presented to this Court.

Since the prosecution filed no brief before us, it did not raise the issue of whether appellant is precluded from filing an appeal. The issue was raised by appellant's own counsel. Since we have concluded that appellant's withdrawal of his post-verdict motions was not knowing and intelligent, we refuse to foreclose appellant's right to appeal at this time.

Accordingly, this case is remanded to the trial court for the filing of post-verdict motions. Following disposition of these motions by the trial court, either party may seek appropriate review on appeal.

POMEROY, J., filed a dissenting opinion in which EAGEN, C. J., and LARSEN, J., joined.

POMEROY, Justice, dissenting.

The majority concludes that appellant's decision to withdraw his post-verdict motions was not knowing and intelligent and therefore remands to the trial court for the filing of new post-trial motions nunc pro tunc. In so doing, the majority reaches and decides an issue not properly before the Court. Hence this dissent.

152

The only issue briefed and presented to this Court in the present appeal is whether counsel for appellant should be allowed to withdraw from the case. All other issues have been waived by the failure to file post-trial motions. *Commonwealth v. Blair*, 460 Pa. 31, 331 A.2d 213 (1975). The majority nonetheless concludes that appellant's withdrawal of his post-trial motions was invalid. That issue was never presented to this Court and we should not endeavor to reach such an issue.[1] *Wiegand v. Wiegand*, 461 Pa. 482, 337 A.2d 256 (1975).

I would affirm the judgments of sentence.[2] Should appellant wish to attack the validity of the withdrawal of his post-trial motions, he may do so by way of collateral relief.[3] See the Post Conviction Hearing Act, Act of January 25, 1966, P.L. 1580 (1965), § 1 et seq. 19 P.S. § 1180–1 et seq.; *Commonwealth v. Tunnell*, 463 Pa. 462, 345 A.2d 611 (1975).

EAGEN, C. J., and LARSEN, J., join in this opinion.

1. It is true that at one point in appellant's brief, while stating that no grounds for appeal exist (because of the withdrawal of the post-trial motions), counsel does state that he *might* argue that the appellant did not intelligently withdraw his motions. Counsel's basis for such a claim would not be the invalidity of the colloquy supporting the withdrawal, but rather a theory that appellant lacked the capacity to withdraw his motions because he was a "schizophrenic reaction-latent type." There is, however, no support in the record for such an argument. Moreover, counsel concedes that appellant was "aware of what he was doing and that withdrawing the motion for a new trial was what he desired." Appellant's Brief at p. 8. Accordingly, I see no ground upon which to conclude that the issue addressed by the majority—the sufficiency of the waiver colloquy—was at any time placed before this Court.

2. Because our affirmance of appellant's conviction would serve to terminate his right of direct appeal, the duties of appellate counsel would likewise be terminated. I therefore see no reason to pass upon counsel's petition to withdraw; appellant retains his right to seek appointment of new counsel should he pursue collateral relief.

3. Since appellant's trial counsel also served as appellate counsel, appellant may still argue ineffectiveness of counsel as an extraordinary circumstance justifying his failure to raise the validity of the withdrawal of post-trial motions on direct appeal. *See Commonwealth v. Dancer*, 460 Pa. 95, 331 A.2d 435 (1975). Compare *Commonwealth v. Tunnell, supra.*