392 A.2d 775

**COMMONWEALTH of Pennsylvania**

v.

**Dennis Russell SHANK, Appellant.**

Superior Court of Pennsylvania.

Submitted June 13, 1977.

Decided Oct. 20, 1978.

244

Edward F. Browne, Jr., Assistant Public Defender, Lancaster, for appellant.

D. Richard Eckman, District Attorney, Lancaster, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

CERCONE, Judge:

Appellant, Dennis Russell Shank, pleaded guilty to charge of criminal conspiracy and robbery.[1] A judge in the Court of Common Pleas of Lancaster County sentenced appellant to five to ten years on each count, the sentences to run concurrently. This appeal ensued, in which appellant's court appointed counsel seeks to withdraw. For the reasons which follow, we deny counsel's request and remand for the filing of an appropriate brief.

Appellant's brief in this appeal merely gives the facts of the case, then includes a two paragraph summary entitled "Argument." The first short paragraph of the Argument states counsel's view that the colloquy met all the requirements of Pa.R.Crim.P. 319. The colloquy itself is not part of the record before us. The second paragraph raises the issue

1. 18 Pa.C.S. § 903(a)(1), (2); 18 Pa.C.S. § 3701(a)(1).

of whether the lower court abused its discretion in sentencing appellant to five to ten years for first offense conspiracy and robbery. One case is cited as authority that these sentences may be excessive and too severe.

█ No matter how liberally we read this brief, we cannot conclude that it meets the requirements established in *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and *Commonwealth v. Baker,* 429 Pa. 209, 239 A.2d 201 (1968). In *Commonwealth v. Greer,* 455 Pa. 106, 314 A.2d 513 (1974), our Supreme Court specifically set forth the standards that must be met by counsel who has thoroughly examined a case and decided he or she feels it is wholly frivolous. Counsel must request the court's permission to withdraw, submit a brief referring the court to any part of the record which might support an appeal, and send his client a copy of the brief in time to allow him to appeal *in propria persona* or request new counsel. 455 Pa. at 108, 314 A.2d 513.

█ In the instant case, counsel's petition to withdraw, which accompanies appellant's brief, meets the first requirement of *Greer,* and allegedly meets the third requirement of notifying his client, although we have no further proof of that in the record. However, the brief presented hardly provides the appellant with any type of spirited defense required by *Anders v. California,* supra.[2] It is not an advocate's brief nor does it certify that any issue advanced on appeal would be wholly frivolous. Under these circumstances, our Court has held that counsel's brief must be substantiated and the cases are remanded for full compliance under the above-mentioned standards. See *Commonwealth v. Liska,* 252 Pa.Super. 103, 380 A.2d 1303 (1977); *Commonwealth v. Hall,* 250 Pa.Super. 13, 378 A.2d 428 (1977). Hence we enter the following order:

2. "This requirement would not force appointed counsel to brief his case against his client but would merely afford the latter that advocacy which a nonindigent defendant is able to obtain. It would also induce the court to pursue all the more vigorously its own review because of the ready references not only to the record, but also to the legal authorities as furnished it by counsel." *Anders,* 386 U.S. at 745, 87 S.Ct. at 1400.

AND NOW, October 20, 1978, the petition to withdraw is denied. Counsel for appellant is directed either (1) to file a withdrawal brief meeting the description in *Commonwealth v. Greer,* 455 Pa. 106, 108–09, 314 A.2d 513, 514–15 (1974), and *Commonwealth v. Liska,* 252 Pa.Super. 103, 380 A.2d 1303 (1977), or (2) to proceed with the appeal by filing an advocate's brief on the merits. In either case, counsel is to file a new brief within thirty (30) days, or risk sanctions.

WATKINS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.