407 A.2d 433

**COMMONWEALTH of Pennsylvania**

v.

**Phillip BROCKINGTON, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 15, 1978.

Decided July 13, 1979.

Jonathan R. Black, Philadelphia, for appellant.

No brief for Commonwealth, appellee.

Before PRICE, HESTER and HOFFMAN, JJ.

PRICE, Judge:

Pursuant to a non-jury trial conducted on December 15, 1976, appellant was convicted of perjury,[1] and acquitted on counts of false swearing[2] and obstructing the administration of law or other governmental function.[3] Motions for a new trial and in arrest of judgment were denied, and he was sentenced to not less than two and one-half (2½) nor more than five (5) years in a state correctional institution. This appeal was perfected and counsel for appellant[4] now seeks leave to withdraw from further representation.[5] Counsel has submitted a brief to this court in which he argues that, "There are no issues present in the record on which counsel could reasonably base an argument with a chance of securing relief on the defendant's behalf." Brief for Appellant at 6. For the reasons stated herein, we do not believe that the

1. 18 Pa.C.S. § 4902.

2. 18 Pa.C.S. § 4903.

3. 18 Pa.C.S. § 5101.

4. Appellant was represented by different counsel during trial.

5. Counsel's request to withdraw is contained in the conclusion of his brief. We have previously noted that counsel should submit his request to withdraw as a separate document rather than include it in a brief which refers the court to arguable issues. *Commonwealth v. Bellamy*, 251 Pa.Super. 165, 168 n. 3, 380 A.2d 429, 430 n. 3 (1977).

brief adequately comports with the requirements of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and *Commonwealth v. Baker*, 429 Pa. 209, 239 A.2d 201 (1968), and consequently deny counsel's petition.[6]

Succinctly, the facts of the case are as follows. Appellant pleaded guilty to murder charges and, in return for a reduced charge, agreed to testify against another individual involved in the murder, one William Fortune. On April 16, 1974, appellant provided eyewitness testimony damaging to Fortune, and the latter was convicted by a jury of murder in the second degree. The conviction was reversed by the supreme court on grounds unrelated to appellant's testimony, and the cause was remanded for a new trial. *See Commonwealth v. Fortune*, 464 Pa. 367, 346 A.2d 783 (1975). During the second trial, appellant again testified for the Commonwealth, but presented a story different in all material respects from that proffered at the original trial. On the basis of this testimony, Fortune was acquitted.

At his trial on the perjury charge, appellant admitted the discrepancy, but asserted that his testimony at the first trial was truthful, while that at the retrial was a fabrication. This change was necessary, he alleged, because during his incarceration between trials, several inmates who professed to be friends of Fortune threatened him with death if he were to again testify against Fortune. Appellant could produce no witnesses to corroborate the truth of these threats. The court below found appellant to be "a totally unbelievable and unreliable witness and accordingly, found

6. The Philadelphia District Attorney's Office has not filed a brief in this case, as it contends that the "question of whether counsel should be permitted to withdraw is a matter between the Court, counsel, and defendant . . . ." It does, however, reserve the right to respond to any brief or letter subsequently filed by defendant or other counsel. Our supreme court in *Commonwealth v. Oliver*, 479 Pa. 147, 387 A.2d 1266 (1978), has condemned the practice followed by certain district attorneys' offices of not filing briefs in appeals involving a petition to withdraw. We agree. The failure of the Commonwealth to state its position on the issues seriously hinders this court's determination of whether the questions advanced by a defendant are truly frivolous.

the defense testimony incredible." Lower Court Opinion at 3.

 It is well established that before counsel may be permitted to withdraw from an appeal which may be frivolous, he must "(1) request the court's permission to withdraw, (2) submit with his request a brief referring the court to anything in the record which might arguably support an appeal, and (3) furnish a copy of this brief to his client in time to allow an appeal in propria persona or a request for appointment of new counsel." *Commonwealth v. Greer*, 455 Pa. 106, 108, 314 A.2d 513, 514 (1974). *See Commonwealth v. Walker*, 260 Pa.Super. 259, 393 A.2d 817 (1978); *Commonwealth v. Shank*, 258 Pa.Super. 243, 392 A.2d 775 (1978); *Commonwealth v. Liska*, 252 Pa.Super. 103, 380 A.2d 1303 (1977).

 In the brief accompanying a request to withdraw, it is of paramount importance that counsel not argue the case against the client. It is not his responsibility to appropriate the prosecution's function. Rather, he "must afford his client a spirited defense and is required to assume 'the role of an active advocate in behalf of his client . . . .' " *Commonwealth v. Perry*, 464 Pa. 272, 275, 346 A.2d 554, 555 (1975), *quoting Anders v. California, supra* 386 U.S. at 744, 87 S.Ct. 1396. Because it is ultimately for this court to decide whether the questions presented on appeal are truly frivolous, *Commonwealth v. Jones*, 451 Pa. 69, 301 A.2d 811 (1973), it is incumbent on counsel to submit "virtually identical, advocate-type briefs whether counsel is attempting to withdraw or to prosecute the appeal on the merits." *Commonwealth v. Bellamy*, 251 Pa.Super. 165, 169, 380 A.2d 429, 431 (1977).

 Instantly, the only argument presented in counsel's brief is that there are no issues on which appellant might reasonably secure relief. Specifically, counsel purports to briefly demonstrate: (1) that appellant knowingly and voluntarily waived his right to trial by jury; (2) that the evidence was sufficient to sustain a conviction for perjury;

(3) that trial counsel was effective; and (4) that the sentence did not constitute an abuse of discretion. While this might conceivably constitute an adequate presentation in a brief by the Commonwealth, it most certainly does not satisfy a suitable standard of zealous advocacy. We have continually condemned this type of *amicus curiae* brief, *e. g., Commonwealth v. Bellamy, supra; Commonwealth v. Turner*, 248 Pa.Super. 306, 375 A.2d 110 (1977), and now reiterate that censure. The brief submitted advances none of appellant's interests, and is merely a statement in support of a request to withdraw. Considering the admonition of *Anders* and its progeny that justice is to be served by counsel's preparation of arguments on behalf of his client *prior* to reaching a conclusion that such are meritless, we must remand for the filing of a proper *Greer* brief or a brief on the merits.

The petition to withdraw is denied. Counsel for appellant is directed either (1) to file a withdrawal brief meeting the description in *Commonwealth v. Greer*, 455 Pa. 106, 108–09, 314 A.2d 513, 514–15 (1974), and *Commonwealth v. Liska*, 252 Pa.Super. 103, 380 A.2d 1303 (1977), or (2) to proceed with the appeal by filing an advocate's brief on the merits. In either case, counsel is to file a new brief within thirty (30) days, or risk sanctions.