466 A.2d 1070

**COMMONWEALTH of Pennsylvania**

v.

**Clifford MURRAY, Appellant.**

Superior Court of Pennsylvania.

Submitted July 26, 1983.

Filed Oct. 7, 1983.

Donald M. Moser, Philadelphia, for appellant.

Jane Cutler Greenspan, Assistant District Attorney, Philadelphia, for Com., appellee.

Before ROWLEY, BECK and MONTEMURO, JJ.

ROWLEY, Judge:

Appellant was convicted, after a non-jury trial, of aggravated assault and possession of an instrument of crime. Trial counsel indicated to the court that he could find no grounds on which to file post-trial motions. Appellant was sentenced to not less than four nor more than ten years imprisonment. Appellant filed a *pro se* appeal to this court and a Motion for Withdrawal of Counsel, alleging ineffective assistance of counsel for failing to file motions, failing

to discuss the case with appellant and allowing a witness to take the stand while under the influence of alcohol. Present counsel was then appointed to represent appellant in this appeal.

■ Present counsel has concluded that since the issue of ineffectiveness of counsel was not called to the attention of the trial court either during the trial or in post-trial motions, those issues are waived for the purpose of a direct appeal. That is not correct. Since new counsel did not enter this case until *after* post-trial motions and sentencing, ineffectiveness of trial counsel may properly be raised for the first time on appeal. *Commonwealth v. Hubbard,* 472 Pa. 259, 372 A.2d 687 (1977). Indeed, failure to raise ineffectiveness of trial counsel at this time would result in a waiver of that issue. *Commonwealth v. Dancer,* 460 Pa. 95, 331 A.2d 435 (1975).

■ Counsel is correct, however, in concluding that the record now before us is not adequate to permit review of that issue. In such a case, the proper remedy is to remand the record for an evidentiary hearing on the issue of trial counsel's alleged ineffectiveness. *Commonwealth v. Morin,* 477 Pa. 80, 383 A.2d 832 (1978); *Commonwealth v. Fields,* 317 Pa.Super. 387, 464 A.2d 375 (1983).

In view of our disposition of this issue, we do not believe it is necessary for counsel to withdraw from the case.

Judgment of Sentence vacated. Case remanded for an evidentiary hearing. Jurisdiction relinquished.

BECK, J., filed a concurring statement.

BECK, Judge, concurring:

I concur in the opinion and judgment of Rowley, J., in this case. I also believe that this court should call attention to the failure of appellant's counsel to submit a brief properly "referring to anything in the record that might arguably support the appeal." *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *Commonwealth v. Oliver,* 479 Pa. 147, 387 A.2d 1266 (1978). Counsel's "*An-*

*ders* brief" contains little advocacy on his client's behalf; it primarily argues that there is no relief available to appellant by raising potential issues and finding them meritless. Pennsylvania courts "have continually condemned this kind of *amicus curiae* brief." *Commonwealth v. Brockington*, 268 Pa.Super. 54, 407 A.2d 433 (1979). Furthermore, counsel included his request to withdraw in the brief, rather than in a separate document as required by *Brockington*.

By remanding for an evidentiary hearing, the court is not drawing a conclusion as to whether or not this appeal is "wholly frivolous," as that term is defined in *Commonwealth v. McClendon*, 495 Pa. 467, 434 A.2d 1185 (1981). Therefore, counsel is required to submit an advocate's brief and petitions to withdraw should be denied. *Commonwealth v. Dabrowski*, 296 Pa.Super. 515, 442 A.2d 1170 (1982).