550 A.2d 213

COMMONWEALTH of Pennsylvania, Appellee,

v.

Dorothy FINLEY, Appellant.

Superior Court of Pennsylvania.

Argued Feb. 17, 1988.

Filed Oct. 31, 1988.

Catherine M. Harper, Philadelphia, for appellant.

Ann C. Lebowitz, Assistant District Attorney, Philadelphia, for Com., appellee.

Before BROSKY, WIEAND, McEWEN, OLSZEWSKI, BECK, TAMILIA, KELLY, POPOVICH and JOHNSON, JJ.

POPOVICH, Judge:

This case is on remand from the United States Supreme Court,[1] which, in reversing a three-judge panel of this Court,[2] concluded that federal constitutional law did not require that *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), be made applicable to collateral proceedings under the Post Conviction Hearing Act (PCHA).[3]

■ We perceive our role now to be one of assessing whether PCHA counsel's "no-merit" letter and the PCHA court's independent review of the evidence in light of the *pro se* PCHA request for relief comport with Finley's entitlement to effective counsel under Pennsylvania law so as to sanction the withdrawal of PCHA counsel.

Our task is facilitated by the pronouncement in *Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927 (1988), wherein our Supreme Court "clarified", and for all intents and purposes *established*, the procedures to be followed henceforth under Pennsylvania law when it comes to the allowance of withdrawal of appointed or privately-retained counsel in collateral proceedings, be it in a PCHA context, "in a trial or appellate court." *Id.*, 518 Pa. at 495, 544 A.2d at 929.

Of interest to us is that the *Turner* Court made specific reference to Superior Court's panel decision in *Commonwealth v. Finley, supra* at note 2, and our attempt to fashion a procedural formula which adopted the federal standard of *Anders* to collateral proceedings wherein PCHA counsel sought to withdraw, and its reversal by the United States Supreme Court in *Pennsylvania v. Finley*, 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987).

As is herein relevant, our Supreme Court endorsed the PCHA court's independent review of the record as a follow-up to counsel's "no-merit" letter itemizing his/her in-depth

1. *Pennsylvania v. Finley*, 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987).

2. *Commonwealth v. Finley*, 330 Pa.Super. 313, 479 A.2d 568 (1984) (Rowley, J. dissenting).

3. 42 Pa.C.S. § 9541 *et seq.*

examination of the case and the reasons for concluding that the petition was meritless. No further inquiry, notification to the petitioner or a finding that the claims of the petitioner were "wholly frivolous" was deemed necessary.

Rather, " 'an independent review of the record by competent counsel....' " was all the petitioner was entitled to receive under state law, at least according to the Majority of the United States Supreme Court. See *Turner, supra,* 518 Pa. at 494, 544 A.2d at 928, quoting *Pennsylvania v. Finley, supra,* 481 U.S. at 558, 107 S.Ct. at 1995, 95 L.Ed.2d at 548. This view has been adopted by our highest Court in its holding that the actions of counsel and the PCHA court in *Commonwealth v. Finley,* 330 Pa.Super. 313, 479 A.2d 568 (1984) (Rowley, J. dissenting), rev'd *sub nom Pennsylvania v. Finley,* 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987), *in other words the case which is before us now for review,* were proper in ensuring the petitioner's right to effective representation. More particularly, the "independent review" necessary to assure a withdrawal request by PCHA counsel required proof of:

1) A "no-merit" letter by PCHA counsel detailing the nature and extent of his review;

2) The "no merit" letter by PCHA counsel listing each issue the petitioner wished to have reviewed;

3) The PCHA counsel's "explanation", in the "no-merit" letter, of why the petitioner's issues were meritless;

4) The PCHA court conducting its own independent review of the record; and

5) The PCHA court agreeing with counsel that the petition was meritless.[4]

---

4. As made mention of by the *Turner* Court, the procedures referred to therein are to embrace all proceedings in which (appointed or privately-retained) counsel seeks to withdraw. It necessarily follows that the initial court before whom the request to withdraw is pleaded would logically be the tribunal making the ruling. Cf. *Commonwealth v. Brady,* 510 Pa. 336, 508 A.2d 286 (1986) (Trial court is to determine whether double jeopardy claim is meritorious; presence of frivolous claim renders order denying motion to dismiss interlocutory and appellate review of the same must await completion of trial). This assessment, as always, would be subject to appellate scrutiny to assure

394

■ Once counsel for the petitioner determines that the issues raised under the PCHA are "meritless", and the PCHA court concurs, counsel will be permitted to withdraw and the petitioner may proceed on his own or with the aid of private counsel to pursue a review of the ruling entered, if he/she so wishes. See *Turner, supra.*

Instantly, inasmuch as our review is of facts which already have been (explicitly) addressed by the Court in *Turner,* and found to be consonant with effective representation on the strength of counsel's and the PCHA court's actions in *Commonwealth v. Finley, supra,* the course for us to pursue is clearly lit. Accordingly, we are in agreement with the actions taken by PCHA counsel below and the PCHA court's affirmance of the same.

Order affirmed.

WIEAND, J., files a concurring opinion joined by OLSZEWSKI, J.

KELLY, J., files a concurring and dissenting opinion.

WIEAND, Judge, concurring:

I concur in the decision of the majority to affirm the order of the trial court which dismissed appellant's P.C.H.A. petition without hearing.

Dorothy Finley was tried non-jury and was found guilty of murder of the second degree, robbery, weapons offenses, and criminal conspiracy. The judgment of sentence was affirmed by the Supreme Court of Pennsylvania. See: *Commonwealth v. Finley,* 477 Pa. 211, 383 A.2d 898 (1978). Finley then filed a P.C.H.A. petition, which the trial court dismissed without a hearing and without appointing counsel. The Supreme Court of Pennsylvania, on appeal, remanded with instructions to the P.C.H.A. court to determine whether Finley was indigent and, if so, to appoint counsel. See: *Commonwealth v. Finley,* 497 Pa. 332, 440 A.2d 1183 (1981).

that the object of the withdrawal request complies with the strictures of the law, as was clarified in *Turner, supra.*

The succeeding proceedings were described by the P.C. H.A. court as follows:

Following the above-mentioned remand by our Supreme Court, court-appointed counsel ... reviewed the notes of testimony, Quarter Sessions file, issues of fact and law forwarded by Defendant herself, spoke with Defendant, conducted his own review for contentions which only a trained legal mind would discover, and concluded that no arguably meritorious issues existed. He then sought advice from this Court.

Counsel was instructed that he must take his client as he finds her; that the mere fact of having been appointed to represent a pro se Petitioner could not guarantee the existence of arguable contentions which might entitle the Defendant to post-conviction relief; that acceptance of the responsibility of a court-appointment in no way requires that he "find" an issue (e.g., manufacture an issue or present an issue not arguably meritorious); and that he must proceed as a responsible advocate and exercise his best professional judgment.

Counsel was instructed that where he had completed a comprehensive review of the entire record and the applicable law, and had interviewed Defendant and concluded that the record was devoid of arguably meritorious contentions, counsel should write this Court in letter form detailing not only the nature and extent of his review, but also listing each issue Defendant herself wished to have raised, followed by an explanation why those issues were meritless. At that point, this Court would conduct its own independent review and, if our conclusions coincided with counsel's, the Petition would be dismissed without a hearing and Defendant would be apprised of her appellate rights.

Here, this procedure was followed and the Petition was dismissed without a hearing. Counsel was relieved with new counsel appointed to prosecute the instant appeal.

On appeal by new counsel, a panel of this Court, having accepted an argument advanced by appellant, held that

P.C.H.A. counsel had been ineffective for failing to follow the requirements set forth in *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). The Commonwealth filed a petition for allocatur, which was granted by the Supreme Court of Pennsylvania. Subsequently, however, the Supreme Court dismissed the appeal as having been improvidently granted. See: *Commonwealth v. Finley,* 510 Pa. 304, 507 A.2d 822 (1986). Certiorari was then granted by the United States Supreme Court.

In *Pennsylvania v. Finley,* 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987), the Supreme Court of the United States held that the *Anders* decision, which had been based on the constitutional right to appointed counsel as established in *Douglas v. California,* 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963), is not applicable to collateral attacks on convictions. Where a state chooses, nevertheless, to provide appointed counsel for the purpose of assisting an indigent criminal launch a collateral attack on his conviction, the United States Constitution does not dictate the form which such assistance must take. Therefore, the judgment of the Superior Court was reversed and the matter remanded for further proceedings.

Finley's right to appointed counsel in P.C.H.A. proceedings rests upon Pa.R.Crim.P. 1503[1] and 1504.[2] Neither

---

**1.** Pa.R.Crim.P. 1503 is as follows:

Appointment of Counsel

(a) Except as provided in Rule 1504, when an unrepresented petitioner satisfies the court that he is unable to procure counsel, the court shall appoint counsel to represent him. The court, on its own motion, shall appoint counsel to represent a petitioner whenever the interests of justice require it.

(b) Where counsel has been appointed, such appointment shall be effective until final judgment, including any proceedings upon appeal from a denial of collateral relief.

**2.** Pa.R.Crim.P. 1504 is as follows:

Summary Dispositions

Appointment of counsel shall not be necessary and petitions may be disposed of summarily when a previous petition involving the same issue or issues has been finally determined adversely to the petitioner and he either was afforded the opportunity to have counsel appointed or was represented by counsel in proceedings thereon.

these rules nor any other criminal rule imposes upon appointed counsel a duty to proceed in the manner directed by *Anders.*

Finley has been convicted and, therefore, is no longer protected by the presumption of innocence. Consequently, the burden is on her in a collateral attack on her conviction to show that her conviction was invalid. See: 42 Pa.C.S. § 9543. The lawyer who represents her in collateral proceedings, whether retained or appointed, "has no duty, indeed no right, to pester a court with frivolous arguments, which is to say arguments that cannot conceivably persuade the court, so if he believes in good faith that there are no ... arguments that he can make on his client's behalf he is honor-bound to so advise the court and seek leave to withdraw as counsel." *McCoy v. Court of Appeals of Wisconsin, District 1,* — U.S. —, —, 108 S.Ct. 1895, 1901, 100 L.Ed.2d 440, 452 (1988), quoting *United States v. Edwards,* 777 F.2d 364, 365 (7th Cir.1985). When retained counsel concludes that a collateral attack via P.C.H.A. petition would be frivolous, he or she has a duty to inform the client that it would be a waste of money for the client and unethical for the lawyer to pursue it. When appointed counsel comes to the same conclusion, he or she also has an obligation not to pursue the collateral attack. "Appointed counsel, however, is presented with a dilemma because withdrawal is not possible without leave of court, and advising the court of counsel's opinion that the [collateral attack] is frivolous would appear to conflict with the advocate's duty to his client. It is well settled, however, that this dilemma must be resolved by informing the court of counsel's conclusion." *McCoy v. Court of Appeals of Wisconsin, District 1, supra,* — U.S. at —, 108 S.Ct. at 1901, 100 L.Ed.2d at 452. As the Supreme Court of the United States explained in *Polk County v. Dodson,* 454 U.S. 312, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981),

[Appellant's] argument assumes that a private lawyer would have borne no professional obligation to refuse to prosecute a frivolous appeal. This is error. In claiming

that a public defender is peculiarly subject to divided loyalties, [appellant] confuses a lawyer's ethical obligations to the judicial system with an allegiance to the adversary interests of the State in a criminal prosecution. Although a defense attorney has a duty to advance all colorable claims and defenses, the canons of professional ethics impose limits on permissible advocacy. It is the obligation of any lawyer—whether privately retained or publicly appointed—not to clog the courts with frivolous motions or appeals. [Appellant] has no legitimate complaint that his lawyer refused to do so.

*Id.* at 323, 102 S.Ct. at 452–53, 70 L.Ed.2d at 519–520 (footnote omitted).

Every P.C.H.A. lawyer, whether privately retained or appointed by the court, has essentially the same professional responsibility. He or she must communicate with the client, examine the record, research the law, and identify arguments which can be pursued via collateral attack. In so doing, counsel must serve the best interests of the client. If, after such an evaluation, counsel comes to the conclusion that a collateral attack is "wholly frivolous," he may inform the court and seek to withdraw. *McCoy v. Court of Appeals of Wisconsin, District 1, supra,* —— U.S. at ——, 108 S.Ct. at 1901, 100 L.Ed.2d at 452.

In the instant case, appointed counsel consulted with his client, examined the client's allegations of error, reviewed the record to determine whether those allegations of error or other arguments could be pursued, and concluded that there were no arguably meritorious issues which could be advanced. Counsel thereupon notified the court by letter that appellant had no meritorious argument. The P.C.H.A. court then made an independent review of the record and also concluded that there were no meritorious arguments to support a collateral attack on appellant's conviction. The court, therefore, dismissed the P.C.H.A. petition without a hearing.

On appeal to a three judge panel of this Court from the P.C.H.A. court's order, appellant argued only that prior

P.C.H.A. counsel had been ineffective because he "failed to file an amended P.C.H.A. petition or a brief on behalf of his client and chose instead to outline for the court reasons why a P.C.H.A. petition would be meritless." Statement of Questions Presented in Appellant's original brief. Upon remand by the United States Supreme Court and reargument before this Court, sitting en banc, appellant filed a supplemental brief in which her argument was summarized and entitled as follows:

Appellant was denied the effective assistance of court-appointed PCHA counsel that she was entitled to under both Pennsylvania law and the remand order of the Pennsylvania Supreme Court when court-appointed counsel filed a "no merit" letter with the PCHA court instead of following the *Anders* procedure.

This issue has been properly raised on appeal, for this is the first opportunity to do so at which appellant has not been represented by counsel who is alleged to have been ineffective. See: *Commonwealth v. Payne*, 327 Pa.Super. 139, 143, 475 A.2d 137, 139 (1984); *Commonwealth v. Moore*, 321 Pa.Super. 442, 448–449 n. 1, 468 A.2d 791, 794 n. 1 (1983).

Appellant's argument, however, is lacking in merit.[3] In *Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927 (1988), the Supreme Court said:

Under Pennsylvania law, where the PCHA petitioner's right to counsel is established by rule of this Court, Pa.R.Crim.P. 1503, 1504, we hold that the procedure followed in the *Finley* case accorded the PCHA petitioner all the protection incorporated in the right to appointed counsel in collateral proceedings under the PCHA. Thus, the implication by Superior Court that the requirements of *Anders* and [*Commonwealth v.*] *McClendon supra* [495 Pa. 467, 434 A.2d 1185 (1981)], governed the withdrawal of counsel in this case is erroneous. When, in the

---

3. Whether P.C.H.A. counsel can be said to have been ineffective for failing to identify and assert a specific defect in the proceeding leading up to appellant's conviction is not before this Court, and with respect thereto no opinion is expressed.

exercise of his professional judgment, counsel determines that the issues raised under the PCHA are meritless, and when the PCHA court concurs, counsel will be permitted to withdraw and the petitioner may proceed pro se, or by privately retained counsel, or not at all. The same procedure should be followed at any stage of the collateral proceedings, whether in a trial or appellate court. Inasmuch as the United States Supreme Court decided in *Pennsylvania v. Finley, supra*, that the federal constitutional considerations underlying the tortuous procedures of *Anders* do not apply under the PCHA, we deem these less rigid requirements for withdrawal of counsel to satisfy Pennsylvania law in collateral attacks on criminal convictions.

*Id.*, 518 Pa. at 495, 544 A.2d at 928–29.

Therefore, I concur in the decision of the majority to affirm the order of the trial court. However, I do not join what appears to be an attempt by the majority to use the facts of the instant case to formulate a five step procedure to be followed in the future by counsel appointed to represent an indigent defendant who seeks to pursue a nonmeritorious collateral attack on a conviction. It is enough in this case that P.C.H.A. counsel provided effective professional assistance and that appellant's P.C.H.A. petition was properly dismissed.

KELLY, Judge, concurring and dissenting:

In light of our Supreme Court's unequivocal statement that "the procedures followed in the *Finley* case accorded the PCHA petitioner all the protection incorporated into the right to appointed counsel in collateral proceedings under the PCHA," our disposition of this appeal is a foregone conclusion. *See Commonwealth v. Turner*, 518 Pa. 491, 495, 544 A.2d 927, 928 (1988).

I nonetheless dissent from that portion of the majority opinion which suggests that counsel seeking to withdraw in future PCHA appeals will be *required* to explain why petitioner's issues were meritless. It is true that neither

federal nor Pennsylvania law precludes court-appointed counsel from including in his *Finley* letter accompanying his motion to withdraw as counsel an explanation of the absence of merit in the petitioner's issues. *See McCoy v. Court of Appeals*, 486 U.S. ——, 108 S.Ct. 1895, 100 L.Ed.2d 440 (1988); *Commonwealth v. McClendon*, 495 Pa. 467, 434 A.2d 1185 (1981). It is quite a different thing, however, to suggest that such an explanation is required. Our Supreme Court has not promulgated a rule like that at issue in *McCoy* (which explicitly required such an explanation).

While *Turner* permits substitution of a *Finley* letter for an *Anders* brief, I find nothing in *Turner* to require inclusion of such an explanation, or indeed to preclude continued *disapproval* of a counsel's usurpation of the prosecutorial function and "sandbagging" of his client by including in a *Finley* letter a gratuitous explanation of the absence of merit of his client's issues. *Cf. Commonwealth v. Jones*, 451 Pa. 69, 75, 301 A.2d 811, 815 (1973); *Commonwealth v. Green*, 355 Pa.Super. 451, 460, 513 A.2d 1008, 1012 (1986); *Commonwealth v. Brockington*, 268 Pa.Super. 54, 58, 407 A.2d 433, 435 (1979).

If the petitioner's issues are truly frivolous that fact will be apparent and counsel's explanation will do nothing to enhance judicial review of the motion to withdraw or the appeal, yet it may do much to undermine the appearance of fairness which counsel's original appointment was intended to communicate to the petitioner and to the community as a whole. While actual prejudice to the accused does not arise from such an explanation, a distinct and unnecessary appearance of unfairness does.

Consequently, though I am inclined to agree with Judge Wieand that the promulgation of a rule for future cases is unnecessary to the disposition of this case and beyond the function of this Court, in response to the suggestion of the majority regarding *Turner's* implications for future cases, I note that I would definitely not construe *Turner* to require that a *Finley* letter contain an explanation of "why petitioner's issues were meritless."