J. S67031/14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
:
RAYMOND CHARLES WHITE, :
:
Appellant : No. 655 WDA 2014

Appeal from the PCRA Order February 24, 2014
In the Court of Common Pleas of Allegheny County
Criminal Division No(s).: CP-02-CR-0013548-2000

BEFORE: DONOHUE, MUNDY, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.: **FILED MARCH 05, 2015**

This matter returns to us after this panel, on January 7, 2015,[1] remanded to determine the status of appointed counsel, Patrick K. Nightingale, Esq., in light of the petition to withdraw from representation he filed in the PCRA court pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super.

---

[*] Former Justice specially assigned to the Superior Court.

[1] ***Commonwealth v. White***, 655 WDA 2014 (unpublished memorandum at 7) (Pa. Super. Jan. 7, 2015).

We note this is the third time this Court has addressed the matter of appointed counsel's status with respect to Appellant's second petition filed under the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546. **See id.**; ***Commonwealth v. White***, 910 WDA 2012 (unpublished memorandum at 2) (Pa. Super. Jan. 28, 2013).

1988) (*en banc*). The PCRA court has supplemented the record with an order dated and entered January 20, 2015, stating Attorney Nightingales' petition to withdraw "is hereby GRANTED." Order 1/20/15.

However, the PCRA court's January 20, 2015 order was entered after Appellant perfected the underlying appeal and while this Court retained jurisdiction for the determination of Attorney Nightingale's status in the appeal. **See White**, 655 WDA 2014 at 7-8. Moreover, there is no indication in the supplemental record that Attorney Nightingale was granted leave to withdraw before this appeal. Accordingly, we consider the January 20, 2015 order to be a nullity and strike it as such.

Because Attorney Nightingale was not properly permitted to withdraw, we remand for a **Grazier** hearing, which shall be held within thirty days of this memorandum. If Appellant elects to proceed *pro se* in this appeal, the PCRA court shall supplement the record with its colloquy and Appellant's waiver of the assistance of counsel. If Appellant elects to proceed with counsel, Attorney Nightingale shall, within sixty days of Appellant's decision, file an advocate's brief or seek withdrawal in this Court by filing a petition to withdraw and an accompanying **Turner**/**Finley** no-merit letter addressing whether Appellant's instant second petition was timely filed and any issues Appellant intends to raise on appeal.[2]

---

[2] The Commonwealth may file an amended or supplemental brief if Attorney Nightingale proceeds as counsel in this appeal.

Case remanded. Order of January 20, 2015, stricken. Panel jurisdiction retained.