J-S33041-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RONALD WILLIAMS | |
| Appellant | No. 2589 EDA 2014 |

Appeal from the PCRA Order August 13, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1110551-2004

BEFORE:  FORD ELLIOTT, P.J.E., DONOHUE, J., and LAZARUS, J.

MEMORANDUM BY LAZARUS, J.:               **FILED SEPTEMBER 09, 2015**

Ronald Williams appeals *pro se*[1] from the trial court's order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.[2]  After careful review, we affirm.

_____

[1] On August 13, 2014, the trial court granted Williams' counsel's request to withdraw, after counsel filed a ***Turner/Finley*** no-merit letter stating that the issues raised in Williams' PCRA petition lacked merit.  ***See Commonwealth v. Finley***, 550 A.2d 213 (Pa. 1988) (setting forth standard used to evaluate withdrawal of counsel from collateral appeal).  ***Finley*** requires that counsel review the record for issues of merit.  ***Id.*** at 214.  If counsel finds none, counsel must send a "no merit" letter detailing the issues the petitioner sought to have evaluated, the nature and extent of counsel's review and counsel's reasons for the finding that the issues are without merit.  ***Id.***  Then, the court itself must conduct an independent review of the record and relevant case law.  ***Id.*** at 215.  Only if the PCRA court finds no meritorious issues may counsel be allowed to withdraw from a collateral appeal.  ***Id.***

In 2003, Williams was charged with possession with intent to deliver Percocet (PWID)[3] and possession of a controlled substance.[4]  The court *nolle prossed* the possession charge and, on April 13, 2005, Williams entered a guilty plea to PWID, an ungraded felony.  Williams was sentenced to 11½ to 23 months' incarceration for the PWID, to run concurrent to another 11½ to 23 month prison sentence he was serving for retail theft (F-3).  The court also imposed a consecutive one-year term of reporting probation.  Williams was granted immediate parole.

Over the next four years Williams committed several probation violations, as well as other crimes, leading to the termination of his parole and revocation of his probation.  On July 23, 2009, he was resentenced to consecutive terms of 5 to 10 years' imprisonment for the PWID charge and 3½ to 7 years' imprisonment on the retail theft charge.  Williams was also ordered to obtain mental health and drug treatment, and to pay fines,  costs and restitution.

*(Footnote Continued)* ─────────

[2] On appeal from the denial of PCRA relief, this court must determine whether the post-conviction court's findings were supported by the record and whether the court's order is otherwise free of legal error. **Commonwealth v. Blackwell**, 647 A.2d 915 (Pa. Super. 1994). The findings of the post-conviction court will not be disturbed unless they have no support in the record. **Id.**

[3] 35 P.S. § 780-113(a)(30).

[4] 35 P.S. § 780-113(a)(16).

On September 27, 2010, Williams filed the instant *pro se* PCRA petition, in which he alleges various discretionary aspect of sentence claims, couched in terms of ineffectiveness, as well as an illegal sentence claim.

Williams' second and third issues on appeal concern the discretionary aspect of his sentence; such claims are not cognizable under the purview of the PCRA.[5] **See** 42 Pa.C.S. § 9543(a)(2) (eligibility for relief). However, Williams' first issue, that the sentencing judge erred when she determined that the maximum sentence for an ungraded felony was ten years rather than seven years, falls within the ambit of the PCRA. **See** 42 Pa.C.S. § 9543(a)(2)(vii) (claim that sentence imposed is greater than lawful maximum is cognizable under PCRA).

Pursuant to § 780-113:

(f) Any person who violates clause (12), (14) or (30) of subsection (a) with respect to:

* * *

(1.1) Phencyclidine; methamphetamine, including its salts, isomers and salts of isomers; coca leaves and any salt, compound, derivative or preparation of coca leaves; any salt, compound, derivative or preparation of the preceding which is chemically equivalent or identical with any of

---

[5] In any event, on direct appeal our Court addressed Williams' claim that his sentence was manifestly excessive. We concluded that, based on the probation revocation proceedings, which included reviewing Williams' criminal history, listening to the probation officer's recommendation, and Williams' own testimony, the trial court did not err in fashioning Williams' revocation sentence. **See Commonwealth v. Williams**, No. 2273 EDA 2009 (filed July 7, 2010) (Pa. Super. 2010) (unpublished memorandum).

these substances, except decocanized coca leaves or extracts of coca leaves, which extracts do not contain cocaine or ecgonine; and marihuana in a quantity in excess of one thousand (1,000) pounds, **is guilty of a felony and upon conviction thereof shall be sentenced to imprisonment not exceeding ten years,** or to pay a fine not exceeding one hundred thousand dollars ($100,000), or both, or such larger amount as is sufficient to exhaust the assets utilized in and the profits obtained from the illegal manufacture or distribution of these substances.

35 P.S. § 780-113(f)(1.1) (emphasis added).

At his April 13, 2005, guilty plea hearing, the trial court acknowledged that Williams' PWID charge "[is] an ungraded felony." N.T. Guilty Plea, 4/13/05, at 18. Moreover, our Court noted on direct appeal that:

In his April 13, 2005, written plea colloquy, Williams acknowledged PWID subjected him up to ten years' incarceration.

\* \* \*

While we note both [the PWID and retail theft] sentence imposed fall within the statutory guidelines of Section 1103, a sentence after a probation revocation is not subject to the sentencing guidelines. 204 Pa.[]Code 303.1(b). Therefore, the trial court did not err in sentencing Williams to an aggregate of eight and on-half to seventeen years' incarceration.

***Commonwealth v. Williams***, No. 2273 EDA 2009, \*6 (filed July 7, 2010) (Pa. Super. 2010) (unpublished memorandum).

Accordingly, the trial court correctly resentenced Williams to 5-10 years' incarceration for PWID as an ungraded felony where the maximum sentence permissible is 10 years' imprisonment. 35 P.S. § 780-113(f)(1.1). Therefore, Williams' sentence is legal and the court properly denied his PCRA

petition. **See** Trial Court Opinion, 12/3/09, at 9 ("Defendant was sentenced to 5 to 10 years on the PWID . . . [and t]his sentence was within the statutory limits and was a reasonable exercise of this Court's discretion in light of Defendant's criminal history, repeated failure to comply with the terms of his parole/probation, failure to complete mental health and drug treatment, and failure to rehabilitate himself while serving this Court's sentence."). Because the court's order is free of legal error, **Blackwell**, **supra**, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/9/2015