J-S07025-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERT BASS | : | |
| | : | |
| Appellant | : | No. 946 EDA 2022 |

Appeal from the PCRA Order Entered February 25, 2022,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s): CP-51-CR-0014950-2012.

BEFORE: DUBOW, J., KUNSELMAN, J., and KING, J.

MEMORANDUM BY KUNSELMAN, J.: **FILED MARCH 30, 2023**

Robert Bass appeals from the order dismissing without a hearing his first petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541–9546. He challenges the effectiveness of PCRA counsel. We affirm.

The PCRA court set out the procedural history in this case:

> On November 25, 2012, [Bass] was arrested and charged with Firearms Not To Be Carried Without A License, 18 [Pa.C.S.A.] § 6106(a). On March 13, 2013, he entered a negotiated guilty plea before [the trial court] and was sentenced to time-served to twenty-three months [of] confinement plus three years [of] consecutive probation.
>
> On March 31, 2015, while on probation, [Bass] was arrested in conjunction with a home invasion shooting and was charged with multiple offenses, including Attempted Murder and Firearms Not to Be Carried Without A License. On April 29, in front of Judge Scott O'Keefe, he was convicted after a bench trial of these two crimes and several others. On August 26, 2016, Judge O'Keefe sentenced [Bass] to a total of ten to twenty years [of] incarceration plus ten years [of] consecutive probation. He also

sentenced [Bass] to two to four years [of] incarceration for possessing a homemade knife in his prison cell two weeks earlier.[1]

On August 29, 2016, [Bass] was scheduled to appear before this Court for a violation of probation ("VOP") hearing based on his new attempted murder conviction. This hearing had previously been postponed several times while that case was pending, and the Defender Association had represented him at those listings. On August 26, 2016, three days before the VOP hearing, [Bass] retained private counsel, Jason Kadish, Esq., to represent him. However, Mr. Kadish was unavailable on the 29th, so the Court reappointed the Defender[] Association and rescheduled the hearing for August 31, [2016,] the Court's last day in the Criminal Division. At that time, with [Bass] being represented by Abby Heller, Esq., of the Defender Association, the Court found him to be in direct violation of his probation and sentenced him to thirty-six to seventy-five months [of] incarceration. He did not appeal.

[More than a few years later, on] March 8, 2021, [Bass] filed a *pro se* PCRA petition. Therein, he claimed that he received ineffective assistance of counsel in that neither Mr. Kadish nor Ms. Heller filed an appeal of his VOP sentence despite the fact that he asked them to. He also seemed to complain that Mr. Kadish had not attended his VOP hearing.

The Court appointed Peter Levin, Esq. to represent [Bass]. On October 28, 2021, Mr. Levin submitted a *Finley*[2] letter, concluding that [Bass'] claims were time-barred and that he was therefore unable to file an amended PCRA on [Bass'] behalf. On February 25, 2022, the Court dismissed the petition without a hearing. [Bass] filed a timely appeal *pro se*.

PCRA Court Opinion, 8/1/22, at 1–2. Although not ordered to do so, Bass filed

a concise statement of matters complained of on appeal on May 12, 2022.

The PCRA court entered an opinion on August 1, 2022.

_____

[1] Bass also filed a PCRA petition in this attempted murder case, which we address at Docket No. 420 EDA 2021.

[2] *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

- 2 -

Bass now raises one issue: "[Bass] was denied due process of the law by the ineffective assistance of PCRA counsel in failing to develop and advance meritorious claims during initial collateral relief proceedings." Bass' Brief at 4.

This claim concerns the effectiveness of Bass' PCRA counsel, Attorney Levin. Bass states that he asked Attorney Levin to litigate prior counsel's ineffectiveness in failing to file a requested appeal, such as by calling prior counsel as witnesses in a PCRA hearing, with the goal of reinstating his direct appeal rights *nunc pro tunc*. ***Id.*** at 11–13. He argues that Attorney Levin was ineffective because he instead filed a no-merit letter and did not apprise Bass of the status of his PCRA petition. ***Id.*** at 14–19.[3]

A PCRA petitioner may litigate the effectiveness of PCRA counsel at the first opportunity to do so, even if on appeal. ***Commonwealth v. Bradley***, 261 A.3d 381, 401 (Pa. 2021). If the record on appeal is sufficient to dispose of such a claim, we will resolve the claim without the need to remand. ***See id.*** at 402 (citing ***Commonwealth v. Holmes***, 79 A.3d 562, 577 (Pa. 2013)). To prove ineffective assistance of counsel, a petitioner must prove three elements: "(1) that the underlying claim has arguable merit; (2) that no reasonable basis existed for counsel's actions or failure to act; and (3) that the petitioner suffered prejudice as a result of counsel's error." ***Commonwealth v. Drummond***, 285 A.3d 625, 634 (Pa. 2022) (citing

---

[3] Bass argues under the "plain error" standard, which Pennsylvania courts do not apply. ***Commonwealth v. King***, 234 A.3d 549, 563 (Pa. 2020) (citing ***Commonwealth v. Hays***, 218 A.3d 1260, 1267 (Pa. 2019) (Saylor, C.J., concurring)).

*Commonwealth v. Sepulveda*, 55 A.3d 1108, 1117 (Pa. 2012)). Counsel is not ineffective for failing to advance a meritless claim. *Commonwealth v. Spotz*, 896 A.2d 1191, 1211 (Pa. 2006).

Here, the record is sufficient to resolve Bass' claim without remand. *Bradley*, 261 A.3d at 402. Any PCRA petition must be filed within one year of the date the petitioner's judgment of sentence became final, unless one of three statutory exceptions applies. *Commonwealth v. Howard*, 285 A.3d 652, 657–58 (Pa. Super. 2022) (citing 42 Pa.C.S.A. § 9545(b)(1)(i)–(iii)). Here, Bass' judgment of sentence became final on September 30, 2016, at the conclusion of his time for filing a notice of appeal. His PCRA petition, filed over four years later, was facially untimely. Attorney Levin properly assessed that Bass failed to meet any of the PCRA timeliness exceptions. No-Merit Letter, 10/28/21, at 6–7[4]; *see* PCRA Court Opinion, 8/1/22, at 5. Attorney Levin was not ineffective for failing to advance a time-barred claim. *See Spotz*, *supra*. We will therefore affirm the dismissal of Bass' petition.

Affirmed.

---

[4] Attorney Levin complied with applicable requirements to withdraw based on this no-merit letter. *Finley*, *supra*.

Judgment Entered.

_Joseph D. Seletyn, Esq._
_Prothonotary_

Date: _3/30/2023_