J-S31029-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LARRY RAFIQ SAMUELS | : | |
| | : | |
| Appellant | : | No. 248 EDA 2023 |

Appeal from the PCRA Order Entered January 4, 2023
In the Court of Common Pleas of Montgomery County
Criminal Division at No: CP-46-CR-0006041-2015

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LARRY RAFIQ SAMUELS | : | |
| | : | |
| Appellant | : | No. 249 EDA 2023 |

Appeal from the PCRA Order Entered January 4, 2023
In the Court of Common Pleas of Montgomery County
Criminal Division at No: CP-46-CR-0005275-2016

BEFORE: OLSON, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY STABILE, J.: **FILED OCTOBER 11, 2023**

Appellant, Larry Rafiq Samuels, appeals from an order dismissing his first petition for relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, without a hearing. Both the PCRA court and the Commonwealth recommend that we vacate the order of dismissal and remand for the appointment of new counsel because PCRA counsel's "no merit" letter does not comply with the requisites of **Commonwealth v. Turner**, 544 A.2d

927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988). We agree with this recommendation, and we remand for appointment of new PCRA counsel and further proceedings.

Following a non-jury trial, Appellant was convicted of numerous counts of burglary–overnight accommodation (person present) and theft by unlawful taking or disposition, one count of criminal attempt and multiple counts of criminal mischief. These convictions arose from Appellant's commission of a string of overnight residential burglaries in Montgomery, Bucks, Chester, Delaware and Philadelphia County. The court sentenced Appellant to an aggregate term of fifteen to thirty years' imprisonment. Appellant filed a timely direct appeal, and on May 7, 2021, this Court affirmed on direct appeal.

On March 31, 2022, Appellant filed a timely *pro se* PCRA petition. The court appointed PCRA counsel, who filed a petition to withdraw as counsel along with a no-merit letter asserting that there was no evidence to warrant an evidentiary hearing. The letter stated that Appellant's first claim, an argument that trial counsel was ineffective for failing to move for sequestration of police witnesses during suppression hearings, failed because Appellant could not demonstrate prejudice. The letter continued:

> The remaining issues you raise all deal with your trial attorney's failure to litigate, argue, investigate, call certain witnesses, or ask questions of certain witnesses. These various claims also fail under the same standard for the prejudice prongs. In order to prove counsel was ineffective you must demonstrate but for counsel's actions the outcome of your proceedings would have been different. In reviewing the transcripts, Mr. McElroy [trial counsel] questioned the appropriate witnesses, advanced the

proper legal arguments. Unfortunately, all the germane issues that Mr. McElroy raised in his pre-trial motions were denied by the trial court. Nothing Mr. McElroy did or didn't do, would have changed that outcome. In addition, the pre-trial rulings were ultimately appealed to the Superior Court, and the Superior Court affirmed all of [these] rulings.

No-Merit Letter, 9/13/22, at 4. There was no further analysis of these issues.

On November 22, 2022, the PCRA court issued a notice of intent to dismiss Appellant's PCRA petition within twenty days. In the same order, the court granted counsel's motion to withdraw as counsel for Appellant. Appellant filed a response to the notice of intent to dismiss arguing, *inter alia*, that the no-merit letter was inadequate due to lack of particularity. On January 4, 2023, the court entered an order dismissing the petition.

Acting *pro se*, Appellant filed a timely appeal. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925. Appellant argued in his Rule 1925 concise statement of matters complained of on appeal that PCRA counsel's no-merit letter was inadequate due to lack of particularity. The PCRA court agreed with this argument and recommended in its Rule 1925 opinion that this Court vacate the order of dismissal and remand for appointment of new PCRA counsel.

In this Court, Appellant, who continues to proceed *pro se*, raises numerous issues in his brief, including a claim that PCRA counsel was ineffective for failing to submit a proper no-merit letter. Appellant's Brief at 66-67. The Commonwealth concedes in its brief that the no-merit letter is inadequate and agrees with the PCRA court's recommendation to vacate the

- 3 -

order of dismissal and remand for further proceedings with an appointment of new PCRA counsel.

This was Appellant's first PCRA petition. The Rules of Criminal Procedure provide that a convicted defendant has the right to assistance of counsel in his first PCRA petition. Pa.R.Crim.P. 904(c). This Court has instructed:

> The indigent petitioner's right to counsel. must be honored regardless of the merits of his underlying claims, even where those claims were previously addressed on direct appeal, so long as the petition in question is his first.
>
> [Under **Turner**/**Finley**, i]f PCRA counsel seeks to withdraw on the ground that the issues raised by the PCRA petitioner are without merit, he must satisfy the following requirements: he must file a sufficient no-merit letter, send the PCRA petitioner copies of the application to withdraw and no-merit letter, and advise the PCRA petitioner of his right to proceed *pro se* or with a privately retained attorney. The no-merit letter must set forth; 1) the nature and extent of counsel's review of the case; 2) each issue that the petitioner wishes to raise on appeal; and 3) counsel's explanation of why each of those issues is meritless. Where PCRA counsel's no-merit letter does not discuss all of the issues that the convicted defendant has raised in a first PCRA petition and explain why they lack merit, it does not satisfy these mandatory requirements and dismissal of the PCRA petition without requiring counsel to file an amended PCRA petition or a further, adequate no-merit letter is a deprivation of the right to counsel on the PCRA petition.

**Commonwealth v. Kelsey**, 206 A.3d 1136, 1139 (Pa. Super. 2019) (citations omitted). Even when the PCRA court's review goes beyond counsel's inadequate no-merit letter (which did not occur in this case), we have held that the inadequate no-merit constitutes a denial of assistance of counsel that requires remand for appointment of new PCRA counsel and either (1) the filing of an amended PCRA petition, or (2) an adequate no-merit letter that

- 4 -

addresses all issues in the PCRA petition along with a motion to withdraw. ***Id.***

at 1140.

> In this case, the PCRA court wrote in its Rule 1925 opinion:
>
> PCRA counsel's analysis of Appellant's issues was . . . brief and [explained] only . . . in a summarily and conclusory fashion that they lacked merit. PCRA counsel did not address all of the issues that Appellant set forth in his *pro se* petition and failed to fully explain why the ones he did address lacked merit with any specificity. Therefore, Appellant was effectively deprived of his right to counsel on his first PCRA petition. This case should be remanded so that the final order of dismissal can be vacated and new PCRA counsel can be appointed.

Opinion, 3/20/23, at 3. The Commonwealth agrees with the trial court's conclusions. Commonwealth's Brief at 7.

Based on our review of the record, particularly the no-merit letter, and the recommendations of the PCRA court and the Commonwealth, we conclude that the no-merit letter failed to address the issues raised in Appellant's PCRA petition with adequate specificity. The passage from the no-merit letter recited above demonstrates a lack of attention to detail and a lack of particularized analysis of a multitude of issues. These deficiencies require *vacatur* of the PCRA court's order of dismissal and a remand to the PCRA court for appointment of new PCRA counsel. On remand, Appellant's new counsel shall be permitted to file an amended PCRA petition or, if counsel concludes in the exercise of his or her professional judgment that the issues raised in the PCRA proceeding are without merit, counsel may file an adequate no-merit letter that addresses all of the issues raised in Appellant's PCRA petition and move to withdraw.

Order of dismissal vacated.  Case remanded with instructions to appoint new PCRA counsel.  Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: October 11, 2023