J. S69025/14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
KEVIN MITCHELL, : No. 3550 EDA 2013
:
Appellant :


Appeal from the PCRA Order, April 7, 2008,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0802931-1999


BEFORE: GANTMAN, P.J., FORD ELLIOTT, P.J.E., AND STABILE, J.


MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED MARCH 03, 2015**

Appellant comes before us challenging the dismissal of his second petition brought pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Finding no error, we affirm.

On June 7, 2000, a jury found appellant guilty of first degree murder, possession of an instrument of crime, and a violation of the Uniform Firearms Act. The convictions arose from a shooting on Judson Street in Philadelphia on April 18, 1999. Appellant was sentenced to life imprisonment for the murder and a consecutive five to ten years' imprisonment for the other convictions. On November 22, 2002, this court affirmed the conviction. ***Commonwealth v. Mitchell***, 816 A.2d 332 (Pa.Super. 2002) (unpublished memorandum). No further appeal was taken.

On May 29, 2003, appellant filed his first PCRA petition *pro se*. Counsel was appointed but, on May 21, 2004, filed a petition to withdraw and "no-merit" brief. *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). On June 25, 2004, the PCRA court issued notice, pursuant to Pa.R.Crim.P., Rule 907, 42 Pa.C.S.A., of its intention to dismiss the PCRA petition without hearing. Thereafter, on July 16, 2004, the petition was denied. On March 22, 2006, this court affirmed the order; and on August 29, 2006, our supreme court denied appeal. *Commonwealth v. Mitchell*, 898 A.2d 1131 (Pa.Super. 2006) (unpublished memorandum), *appeal denied*, 908 A.2d 540 (Pa. 2006).

On September 26, 2007, appellant filed the instant PCRA petition *pro se*, his second such petition. Therein, appellant invoked the after-discovered facts exception to the time limitations of the PCRA, 42 Pa.C.S.A. § 9545(b)(1)(ii). Appellant claimed that he recently discovered that his mother suffers from peripheral neuropathy.[1] Appellant argued that

---

[1] WebMD.com describes peripheral neuropathy as follows:

> Peripheral neuropathy is a problem that affects the peripheral nerves. These are the nerves that control your sense of touch, how you feel pain and temperature, and your muscle strength. Most of the time the problem starts in the fingers and toes. As it gets worse, it moves into the limbs, causing pain and loss of feeling in the feet, legs, and hands.

peripheral neuropathy is possibly hereditary and may have contributed to his state of mind at the time of his crime, thus permitting a diminished capacity defense.

The PCRA court issued Rule 907 notice that it intended to dismiss the petition without hearing, and on April 7, 2008, the court dismissed the petition. On November 30, 2009, appellant filed a third PCRA petition in which he invoked the interference by government officials exception to the time limitations of the PCRA, 42 Pa.C.S.A. § 9545(b)(1)(i). Therein, he argued that he had not been given proper notice that his second PCRA petition had been dismissed. On November 6, 2013, the PCRA court granted appellant relief and restored appellant's appeal rights to his second PCRA petition. Counsel was appointed and this timely appeal followed.

Counsel argues in the alternative on appeal. First, counsel presents appellant's after-discovered evidence as meriting a new trial. Second, counsel argues that trial counsel was ineffective in failing to investigate the illness of appellant's mother and requests a remand for a full evidentiary hearing on the issue. Simply stated, we find no reason to waste any more precious judicial resources on this specious claim.

---

When you have peripheral neuropathy, you may have less feeling in your fingers and toes. You may have trouble with your balance. It may be hard to do things that require coordination, such as walking or fastening buttons.

Our standard of review for an order denying post-conviction relief is whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error. ***Commonwealth v. Franklin***, 990 A.2d 795, 797 (Pa.Super. 2010). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. ***Id.***

Preliminarily, we will dispose of appellant's ineffective assistance of trial counsel claim. This issue was not raised in appellant's PCRA petition and is improperly being raised for the first time on appeal. Issues not raised before the court below are waived. Pa.R.A.P., Rule 302(a), 42 Pa.C.S.A.

Turning to appellant's after-discovered facts, in order to merit a new trial under the PCRA, new evidence must be both exculpatory and would have changed the result at trial. 42 Pa.C.S.A. § 9543(a)(2)(vi). Appellant's new evidence does not meet either requirement. Appellant does not allege that he is afflicted with peripheral neuropathy; he only asserts that his mother is. Thus, the disease had no impact on appellant at the time of his crime. The new evidence is not exculpatory and would not have changed the result at trial.

Moreover, appellant presents no discussion as to how peripheral neuropathy could affect an individual's mental state such that the person's mental capacity could be diminished to an extent that culpability should be no greater than third degree murder. It appears that peripheral neuropathy

- 4 -

might affect one's physical ability to commit murder, but there is no indication that the disease has any effect on the mental capacity to intentionally kill. Appellant also cites no case law indicating that peripheral neuropathy (or any similar disease) can be introduced at trial to establish diminished capacity. As such, we also find appellant's issue waived for inadequate discussion and citation to relevant authority. ***Commonwealth v. Fletcher***, 986 A.2d 759, 785 (Pa. 2009) (failure to provide adequate discussion and citation to authority waives issue).

Accordingly, having found no merit in appellant's issue on appeal, we will affirm the order below.

Order affirmed.

Stabile, J. joins the Memorandum.

Gantman, P.J. concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/3/2015

- 5 -