J-S77022-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ERIC DONTE WILLIAMSON-TOWERY | |
| Appellant | No. 2105 MDA 2015 |

Appeal from the PCRA Order November 4, 2015
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0003028-2012
CP-22-CR-0003047-2012

BEFORE:  PANELLA, OLSON and PLATT,* JJ.

MEMORANDUM BY OLSON, J.:                    **FILED JANUARY 10, 2017**

Appellant, Eric Donte Williamson-Towery, appeals *pro se* from the order entered on November 4, 2015, which dismissed his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

This Court previously summarized the facts surrounding Appellant's convictions for one count of possession with the intent to deliver a controlled substance, two counts of possession of drug paraphernalia, and one count of persons not to possess a firearm.[1]  We explained:

_____

[1] 35 P.S. § 780-113(a)(30) and (32) and 42 Pa.C.S.A. § 6105(a)(1), respectively.

*Retired Senior Judge assigned to the Superior Court.

Officer Timothy Wells, of the Highspire Borough Police Department, testified that on the date in question (January 10, 2012), he was working for the Steelton Police Department and became involved in an investigation involving a two-car motor vehicle accident. Officer Wells witnessed the accident, which he described as "minor," while at the corner of Cameron and Market Streets in Harrisburg. He activated his emergency lights and proceeded to where the vehicles were located to advise the drivers to get off of the roadway. A tan Chrysler Sedan had struck a blue Chevrolet Lumina. Officer Wells knocked on the driver's side door of the Chrysler to advise him to pull off the road. The driver indicated that he was going to pull over, but then accelerated at a high rate of speed down Cameron Street. The officer told the occupants of the other vehicle to pull off the road and stay put, and Officer Wells then proceeded to follow the Chrysler, which had continued on at a very high rate of speed. By the time Officer Wells got to Cameron and Berryhill Streets, he noticed that the vehicle had crashed into several parked cars in Bik's parking lot, damaged a fence and a sign, and was resting on top of another parked vehicle. Officer Wells identified Appellant as the driver of the Chrysler. Appellant fled from the car by the time that Officer Wells reached it, but the officer found him behind a car wash and placed him under arrest. A search of Appellant's person revealed a cell phone, a business card, and a small vial filled with an unknown liquid. While in the police car, Appellant told Officer Wells that he ran because he did not have a driver's license and was on state parole.

When the Harrisburg police officer arrived, Officer Wells turned Appellant over to Corporal Lyda and Officer Eric Carter, along with the items found on Appellant. Based on the information received from Officer Wells, Officer Carter placed Appellant under arrest. Officer Carter testified that he climbed onto one of the vehicles to reach the Chrysler, and managed to obtain the registration slip out of the glove box, which indicated that the vehicle was registered to Sasha Hall. Due to the condition of the vehicle, the officer was not able to access the rest of the car, and the vehicle was towed. Appellant did not have a valid driver's license and was unable to produce any type of identification to Officer Carter at the scene. Based on the fact that the

officers observed Appellant striking an occupied vehicle, fleeing the scene, causing extensive damage, attempting to run on foot from the vehicle, and not being able to provide identification, Appellant was taken into custody and taken to Harrisburg City Booking.

Jill Hoover, a state parole agent, testified that on January 10, 2012, Harrisburg City Booking alerted Pennsylvania State Parole that Appellant was at the booking center for new criminal charges. Appellant was on parole supervision for drug charges, firearms, and escape. Agent Hoover was told that Appellant was being released on citations, so her supervisor, Peter Hans, told her to go immediately to the booking center and bring Appellant back to the parole office for a conference. As Agent Hoover was transporting Appellant, she learned that the wrecked vehicle driven by Appellant was never searched, and called her supervisor to advise him of this. Supervisor Hans told Agent Hoover to go search the vehicle. At that point, Agent Hoover drove to Don's Towing. She asked Appellant if she would find anything in the car, to which he replied no. On the driver's side floor of the Chrysler driven by Appellant, Agent Hoover found a plastic bag with marijuana in it, along with a scale; she immediately called Detective Heffner of the Harrisburg City Police and took Appellant back to booking. After dropping off Appellant, Agent Hoover went back to talk to her supervisor, who told her to search Appellant's room/residence at 805 North 18th Street in Harrisburg. Later that day, Agent Hoover went to Appellant's residence and encountered Appellant's grandmother at the house, who told her it was fine to search Appellant's bedroom. In a wardrobe closet, Agent Hoover found a 9–millimeter handgun; she also found a scale on the bed. She immediately called both Supervisor Hans and Harrisburg City Police. In his testimony, Supervisor Hans confirmed Agent Hoover's account of the events of January 10, 2012.

Appellant filed a motion to suppress the evidence obtained. The trial court held a hearing on the motion on February 7, 2013, and then ultimately denied relief. . . .

[Prior to Appellant's September 11, 2013 bench trial, Appellant moved for the dismissal of all charges against him on the basis that the Commonwealth had violated

- 3 -

Pennsylvania Rule of Criminal Procedure 600. Following a hearing on Appellant's Rule 600 motion, the trial court denied the motion. N.T. Trial, 10/11/13, at 11]. On September 11, 2013, the trial court held a bench trial and convicted Appellant of [one count of possession with the intent to deliver a controlled substance, two counts of possession of drug paraphernalia, and one count of persons not to possess a firearm]. On the same day, the trial court sentenced Appellant to an aggregate term of four to eight years of imprisonment.

***Commonwealth v. Williamson-Towery***, 105 A.3d 49 (Pa. Super. 2014) (unpublished memorandum) at 1-4 (internal quotations, citations, corrections, and footnotes omitted), *appeal denied*, 104 A.3d 525 (Pa. 2014).

On June 30, 2014, this Court affirmed Appellant's judgment of sentence and, on December 10, 2014, the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal. ***Id.***

On April 23, 2015, Appellant filed a timely, *pro se* PCRA petition. Appellant raised one claim in his PCRA petition:

Direct appeal counsel was ineffective for failing to raise a challenge to the trial judge's refusal to grant [Appellant's] Rule 600/speedy trial motion to dismiss . . . where[:] (1) the judge erred in crediting the time from 10-1-12 to 11-5-12 (*i.e.*, 35 days) against [Appellant] because a public defender requested a continuance on [Appellant's] behalf; (2) the judge erred in crediting the time from 1-24-13 to 7-1-13 (*i.e.*, 158 days) against [Appellant] because [Appellant's] pre-trial motion to suppress was pending; and (3) the judge erred in crediting the time from 7-16-13 to 8-5-13 (*i.e.*, 20 days) against [Appellant] because after the suppression motion was denied the first available trial date was on 8-5-13; as such, [Appellant's] state and federal constitutional rights to fundamental fairness, equal protection, due process, and effective assistance of counsel were violated.

- 4 -

Appellant's *Pro Se* PCRA Petition, 4/23/15, at 4 (some internal capitalization omitted).

The PCRA court appointed counsel to represent Appellant in the proceedings. PCRA Court Order, 6/1/15, at 1. However, on June 22, 2015, appointed counsel filed a no-merit letter and a request to withdraw as counsel, pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). After reviewing counsel's no-merit letter, the PCRA court granted counsel's petition to withdraw and issued Appellant notice, pursuant to Pennsylvania Rule of Criminal Procedure 907, of its intent to dismiss Appellant's petition in 20 days, without holding a hearing. PCRA Court Order, 8/4/15, at 1.

On September 24, 2015, Appellant filed a response to the dismissal notice. Within Appellant's response, Appellant repeated some of the claims he raised in his earlier, *pro se* PCRA petition. **See** Appellant's Response, 10/24/15, at 4-8. However, Appellant also claimed that appointed counsel "overlooked" certain meritorious issues. These issues were, first, that "there was no judge present at [Appellant's] formal arraignment." **Id.** at 3. According to Appellant, since there was no judge present at his formal arraignment, Appellant did not have an opportunity to waive his right to appointed counsel. Appellant claimed that he was not granted this opportunity to waive his right to counsel and, as a result of counsel's appearance, counsel moved for a continuance that Appellant did not want, and this continuance "possibly waiv[ed] [Appellant's] Rule 600 rights for the

time of 10/1/12 [to] 11/5/12." *Id.* at 3-4. Second, Appellant claimed that "[d]irect appeal counsel was ineffective for failing to raise trial counsel's ineffectiveness at the first opportunity." *Id.* at 8. According to Appellant, counsel on direct appeal should have claimed that trial counsel was ineffective for: "fail[ing] to call [] key witness Sasha Hall on [Appellant's behalf during the suppression hearing,] to challenge the illega[l] search that was performed on Sasha Hall's vehicle" and for failing to "properly argue the issues pertaining to [Appellant's R]ule 600 [motion] that he wished to address to the courts." *Id.* at 8-10.

On November 4, 2015, the PCRA court dismissed Appellant's PCRA petition. Appellant filed a timely notice of appeal and Appellant now raises the following claims to this Court:

> [1.] Did the PCRA court [commit] an error of law and fact when it held, trial counsel was not ineffective for failing to raise a "Structural Error" issue due to no judge being present at Appellant's formal arraignment, and where it held direct appeal counsel was not ineffective for failing to raise this [issue], and where it held PCRA counsel was not [ineffective] for failing to raise trial and direct appeal counsel's ineffectiveness for failing to raise this issue and, where the PCRA court held this issue was waived?

> [2.] Did the PCRA court [commit] an error of law and fact when it held, trial counsel was not ineffective for failing to raise a "Structural Error" issue due to [] Appellant being denied the assistance of counsel at a critical stage of the formal arraignment[,] and where it held direct appeal counsel was not ineffective for failing to raise [this] issue, and where it held PCRA counsel was not ineffective for failing to raise trial counsel and direct appeal counsel ineffectiveness for failing to raise this issue; or where it held . . . this issue was waived?

[3.] Did the PCRA court [commit] an error of law and fact when it held, trial counsel was not ineffective for failing to raise a "Structural Error" issue due to [] Appellant being denied the right to self representation[,] and where it held direct appeal counsel was not ineffective for failing to raise [this] issue; and where it held PCRA counsel was not ineffective for failing to raise trial and direct appeal counsel's ineffectiveness for failing to raise this issue; or where the PCRA court held this issue was waived?

[4.] Did the PCRA court [commit] an error of law and fact when it held trial counsel was not ineffective for taking a limited role at Appellant's [R]ule 600/speedy trial hearing; and where it held direct appeal counsel was not ineffective for failing to raise this issue; and where it held PCRA counsel was not ineffective for failing to raise trial and direct appeal counsel's ineffectiveness for failing to raise this issue?

[5.] Did the PCRA court [commit] an error of law and fact when it held, the time from 10/1/12 [to] 11/5/12 was properly excluded from the calculation of [] Appellant's [R]ule 600/speedy trial violation due to an illegal waiver of [] Appellant's [R]ule 600/speedy trial rights?

[6.] Did the PCRA court [commit] an error of law and fact when it held[] the time from 1/24/13 [to] 7/1/13 was properly excluded from the calculation of [] Appellant's [R]ule 600/speedy trial violation due to the outcome of [] Appellant's suppression motion?

[7.] Did the PCRA court [commit] an error of law and fact when it held[] the time from 7/16/13 [to] 8/5/13 was properly excluded from the calculation of [] Appellant's [R]ule 600/speedy trial violation due to the courts not being able to effectuate a trial date?

[8.] Did the PCRA court [commit] an error of law and fact when it held[] the Commonwealth showed due diligence in bringing [] Appellant to trial within 365 [days] under the U.S. 6th Amendment to the Constitution?

Appellant's Brief at 6 (some internal capitalization omitted).

As we have stated:

> [t]his Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by evidence of record and is free of legal error. In evaluating a PCRA court's decision, our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level. We may affirm a PCRA court's decision on any grounds if it is supported by the record.

*Commonwealth v. Rivera*, 10 A.3d 1276, 1279 (Pa. Super. 2010) (internal citations omitted).

To be eligible for relief under the PCRA, the petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence resulted from "one or more" of the seven, specifically enumerated circumstances listed in 42 Pa.C.S.A. § 9543(a)(2). One of these statutorily enumerated circumstances is the "[i]neffectiveness of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii).

Counsel is, however, presumed to be effective and "the burden of demonstrating ineffectiveness rests on [A]ppellant." *Rivera*, 10 A.3d at 1279. To satisfy this burden, Appellant must plead and prove by a preponderance of the evidence that:

> (1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and, (3) but for counsel's ineffectiveness, there is

a reasonable probability that the outcome of the challenged proceedings would have been different.

*Commonwealth v. Fulton*, 830 A.2d 567, 572 (Pa. 2003). "A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim." *Id.*

To establish the reasonable basis prong, we must look to see whether trial counsel's strategy was "so unreasonable that no competent lawyer would have chosen that course of conduct." *Commonwealth v. Williams*, 640 A.2d 1251, 1265 (Pa. 1994). An attorney's trial strategy "will not be found to have lacked a reasonable basis unless it is proven that an alternative not chosen offered a potential for success substantially greater than the course actually pursued." *Commonwealth v. Howard*, 719 A.2d 233, 237 (Pa. 1998). Further, if an appellant has clearly not met the prejudice prong, a court may dismiss the claim on that basis alone and need not determine whether the other two prongs have been met. *Commonwealth v. Travaglia*, 661 A.2d 352, 357 (Pa. 1995).

For Appellant's first and second claims on appeal, Appellant contends that his trial counsel was ineffective for failing to raise any issue relating to there being no judge at the formal arraignment and Appellant being "denied" the assistance of counsel at the formal arraignment. These claims fail because they are factually baseless. To be sure, the record reflects that Appellant was formally arraigned on August 16, 2012, at 8:30 a.m., in the jury assembly room of the Court of Common Pleas of Dauphin County and,

at the time of Appellant's formal arraignment, Appellant was represented by Jerry Joseph Russo, Esquire. *See* Court of Common Pleas Docket Sheet, at 1-15; Magisterial District Judge 12-1-04 Criminal Docket Sheet, at 1-5; *see also* N.T. Preliminary Hearing, 6/25/12, at 1-24 (Attorney Russo represented Appellant during the June 25, 2012 preliminary hearing and did not thereafter file a motion to withdraw his representation; therefore, Attorney Russo was Appellant's attorney at the time of the formal arraignment); *see also* Pa.R.Crim.P. 571(B) ("[i]n the discretion of the court, the arraignment of the defendant may be conducted by using two-way simultaneous audio-visual communication"). Therefore, Appellant's first and second claims on appeal fail.

Next, Appellant claims that trial counsel was ineffective for failing to raise the claim that Appellant was denied the right to self-representation at "the Miscellaneous court date on 10/1/12." Appellant's Brief at 27. This claim fails because it was Appellant's responsibility to invoke his right to self-representation – and, in this case, Appellant never petitioned the trial court for the right to proceed *pro se*. **Commonwealth v. Davido**, 868 A.2d 431 (Pa. 2005) ("when a defendant desire[s] to represent himself, **he must petition the court** and the court must follow the appropriate legal procedure for securing a valid waiver of counsel") (internal quotations and citations omitted) (emphasis added). Therefore, Appellant's third claim fails.

Fourth, Appellant claims that his trial counsel was ineffective for "taking a limited role at Appellant's Rule 600/speedy trial hearing." Appellant's Brief at 30. This claim fails because Appellant nowhere specifies what, precisely, his trial counsel should have done differently at the hearing or how his trial counsel's alleged failings caused him any prejudice. ***See id.*** at 30-34.

For Appellant's remaining claims on appeal, Appellant contends that the trial court erred in concluding that certain specific time periods were excludable "from the calculation of [] Appellant's Rule 600/speedy trial" date and in concluding that the Commonwealth "exercised due diligence in bringing [] Appellant to trial [within] the [requisite] 365 days." ***Id.*** at 35-55. None of these substantive Rule 600 claims are cognizable under the PCRA. ***See*** 42 Pa.C.S.A. § 9543(a)(2). Further, since Appellant's Rule 1925(b) statement and Rule 2116(f) "statement of questions involved" limit Appellant's remaining claims to substantive Rule 600 claims, Appellant's remaining claims necessarily fail. ***See*** Pa.R.A.P. 1925(b)(4)(vii) ("[i]ssues not included in the [Rule 1925(b) s]tatement . . . are waived"); Pa.R.A.P. 2116(a) ("[n]o question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby").

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>1/10/2017</u>