J-S17045-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| RAHEEM ASMAR BROWN, | : | |
| | : | |
| Appellant | : | No. 1489 EDA 2016 |

Appeal from the PCRA Order April 21, 2016
in the Court of Common Pleas of Delaware County,
Criminal Division, No(s): CP-23-CR-0007153-2008

BEFORE: OLSON, STABILE and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.: **FILED JUNE 01, 2017**

Raheem Asmar Brown ("Brown"), *pro se*, appeals from the Order denying his first Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1] We affirm.

On November 26, 2007, Mitchell Williams ("Williams") and James Smith ("Smith") argued in an alleyway near 227 Engle Street, in Chester, Pennsylvania. At that time, Brown and Christopher Loper ("Loper") were inside of the residence located at 227 Engle Street. While inside of the residence, Loper observed a gun tucked inside the front of Brown's pants. Brown exited the residence and, in the alleyway, shot and killed Williams. Brown then re-entered 227 Engle Street through the back door, exited the residence through the front door, and departed from the scene in a white vehicle.

---

[1] *See* 42 Pa.C.S.A. §§ 9541-9546.

Police arrested Brown on October 30, 2008. Following a jury trial, Brown was convicted of first-degree murder and possession of an instrument of crime.[2] The trial court found Brown guilty of the additional offense of person not to possess a firearm.[3] Brown filed a Post-Sentence Motion, which the trial court denied. Thereafter, this Court affirmed Brown's judgment of sentence, after which the Pennsylvania Supreme Court denied allowance of appeal. *Commonwealth v. Brown*, 24 A.3d 443 (Pa. Super. 2011) (unpublished memorandum), *appeal denied*, 23 A.3d 1054 (Pa. 2011).

On May 21, 2012, Brown filed a *pro se* Motion for relief under the PCRA. The PCRA court appointed Stephen Dean Molineaux, Esquire ("Counsel"), to represent Brown. Subsequently, Counsel filed an Application to Withdraw from his representation of Brown, and a "No-Merit" Letter pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). Brown submitted additional documents, *pro se*, which were filed of record. The PCRA court thereafter granted Counsel's Application to Withdraw, and issued a Pa.R.Crim.P. 907 Notice of its intent to dismiss Brown's PCRA Petition without a hearing. Brown filed a *pro se* Objection to the PCRA court's Notice. On April 22, 2016, the PCRA court entered an Order denying

---

[2] *See* 18 Pa.C.S.A. §§ 2501, 907.

[3] *See* 18 Pa.C.S.A. § 6105. Brown elected to waive his right to a jury trial on this charge, so as to prevent the jury from hearing evidence regarding his status as a former convict.

- 2 -

Brown's PCRA Petition, after which Brown filed the instant timely appeal. The PCRA court did not order Brown to file a Pa.R.A.P. 1925(b) concise statement of matters complained of on appeal.

Brown, *pro se*, presents the following issue for our review:

Whether [Counsel] rendered ineffective assistance by failing to properly investigate and present at a PCRA evidentiary hearing[, and] utilizing compulsory process if necessary, several important, exculpatory witnesses in support of [Brown's] claim of trial counsel's ineffectiveness for failing to utilize compulsory process to compel the attendance at trial of these same exculpatory witnesses, including eyewitnesses, to testify regarding information contained in audiotaped or written statements given to police shortly after the homicide for which [Brown] was convicted, which exonerates [Brown] and actually implicates two other individuals as having committed the homicide for which [Brown] was convicted, including one of the main Commonwealth witnesses against him?

Brief for Appellant at 9.

"In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Montalvo*, 114 A.3d 401, 409 (Pa. 2015) (citation and internal quotation marks omitted).

Where a PCRA court fails to support its holding with sufficient explanations of the facts and law, or fails to provide an adequate opinion addressing all of the claims raised in a PCRA petition, including factual and credibility disputes, a remand is appropriate.

*Id.* at 410.

Brown claims ineffective assistance of Counsel and trial counsel. Generally, counsel's performance is presumed to be constitutionally

- 3 -

adequate, and counsel will only be deemed ineffective upon a sufficient showing by the defendant. *Commonwealth v. Spotz*, 47 A.3d 63, 76 (Pa. 2012). A petitioner claiming ineffective assistance of counsel must plead and prove that "(1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for his or her action or inaction; and (3) the petitioner suffered prejudice because of counsel's action or inaction." *Id.* (applying *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).[4] A defendant establishes prejudice when he demonstrates "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Commonwealth v. Mallory*, 941 A.2d 686, 704 (Pa. 2008). The failure to establish any prong

---

[4] Brown argues that the *Strickland* test applies where, as here, the petitioner alleges ineffective assistance based upon counsel's failure to compel a witness's testimony through the use of compulsory process. Brief for Appellant at 45-46. However, we observe that in *Commonwealth v. Chmiel*, 889 A.2d 501 (Pa. 2005), where the appellant had claimed that counsel was ineffective for failing to subpoena his daughter during the penalty phase of his murder trial, our Supreme Court applied the following five-part test:

> To prevail on a claim of trial counsel's ineffectiveness for failure to call a witness, [the] [a]ppellant] must prove: (1) the witness existed; (2) the witness was available; (3) trial counsel was informed of the existence of the witness or should have known of the witness's existence; (4) the witness was prepared to cooperate and would have testified on appellant's behalf; and (5) the absence of the testimony prejudiced appellant."

*Id.* at 545-546. Based upon our review, we conclude that Brown is not entitled to relief, even applying the *Strickland* test.

of the test will defeat an ineffectiveness claim. **Commonwealth v. Solano**, 129 A.3d 1156, 1163 (Pa. 2015).

Brown claims that Counsel rendered ineffective assistance by "failing to pursue trial counsel's ineffectiveness for not calling at trial several highly credible witnesses and eyewitness to the shooting death of [] Williams …." Brief for Appellant at 43. Brown asserts that certain witnesses in the area, at the time of the shooting, initially denied knowledge of the shooting or implicated one of two other individuals as Williams's assailant. **Id.** at 48. According to Brown, the evidence "strongly suggests" that Mynesha Cosmen ("Cosmen"), who was armed with a black handgun, was the actual perpetrator. **Id.** at 49-50.

In support of this claim, Brown first argues that Counsel rendered ineffective assistance by not using compulsory process to compel the testimony of Ta'Kia Edwards ("Edwards") and Lynda Williams ("Lynda"), the wife of the victim. **Id.** at 50. Brown asserts that the testimony of Edwards and Lynda, regarding their prior statements to police,[5] would have

---

[5] In its Opinion, the PCRA court reviewed this claim and concluded that there is no record support for it. PCRA Court Opinion, 9/7/16, at 7 (wherein the PCRA court stated, "[t]his court's exhaustive review of the records did not uncover said statements."). Our review of the record discloses that in his Objections to counsel's No-Merit Letter, Brown included the statements made by Edwards and Lynda. In addition, it appears from the record that on December 9, 2016, the Commonwealth forwarded to the PCRA court the statements of Edwards, Lynda, Dante Norman ("Norman"), Francesca Granados ("Granados") and Dante Lewis ("Lewis"). The statements were filed with the PCRA court on December 9, 2016.

undermined the credibility of Collier's trial testimony. *Id.* at 51. Brown also suggests that their testimony, combined with Collier's recorded statement, "would have pointed the finger of blame at [] Loper ...." *Id.*

Our review of the record discloses that, Edwards, who was 15 years old at the time, told police that she was cleaning her car when she heard a gunshot. Supplemental Summary (Edwards), at 3 (unnumbered). After the gunshot, Edwards observed a man in a black hoodie run into the back door of the house at 227 Engle Street. *Id.* at 4 (unnumbered). Edwards then saw a "short and chubby" man wearing a white t-shirt, blue jeans and a white hoodie leave through the front door of the house. *Id.* at 5. This man went to a white car and opened the trunk. *Id.* At that time, a man known to Edwards as "Chris" exited through the front door of the same house and placed a ski mask and gun into the trunk of the car. *Id.* at 5-6.

In her statement to police, Lynda identified the man who shot Williams as wearing a black hoodie. Supplemental Summary (Lynda), at 2. After the shooting, Lynda observed a black male, wearing a black jacket, drive by her in a white car. *Id.* at 8. Lynda, too, saw a man known to her as "Chris" exit the same back door used by the gunman. *Id.* at 10.

Upon review, Brown has failed to establish prejudice resulting from trial counsel's failure to present the testimony of Edwards or Lynda. *See Commonwealth v. Dennis*, 950 A.2d 945, 954 (Pa. 2008) (stating that to establish prejudice, the petitioner must show that there is a reasonable

probability that the outcome of the proceedings would have been different but for counsel's action or inaction). Neither witness exonerated Brown, or identified someone other than Brown as the perpetrator. Accordingly, we cannot grant Brown relief based upon the failure to present the testimony of Edwards or Lynda. *See Solano*, 129 A.3d at 1163 (stating that "[f]ailure to establish any prong of the test will defeat an ineffectiveness claim.").

Brown next argues that Counsel rendered ineffective assistance by not using compulsory process to compel the testimony of Norman.[6] Brief for Appellant at 57. Brown acknowledges that Counsel's investigator was unable to locate Norman. *Id.* However, Brown argues that Counsel should have presented Norman's audiotaped statement to police, in Norman's absence. *Id.* at 58-60. Brown further argues that Counsel had no reasonable basis for failing to produce this audiotape, and that Counsel's dereliction caused him prejudice. *Id.* at 60-61.

In its Opinion, the PCRA court found that Counsel and his investigator were unable to locate Norman. *See* PCRA Court Opinion, 9/7/16, at 7. We cannot conclude that Counsel was ineffective for failing to secure the testimony of a witness who could not be found. *See Solano*, 129 A.3d at 1162 (stating that to establish ineffective assistance of counsel, the petitioner must demonstrate, *inter alia*, that the claim has arguable merit, and that there was no reasonable basis for trial counsel's action or inaction).

---

[6] In his No-Merit Letter, Counsel indicated that Norman was 12 years old at the time of the shooting. No-Merit Letter at 2.

- 7 -

Our review further discloses that the content of Norman's audiotaped statement to police, describing the clothes worn by the shooter, was presented through the testimony of Chester Police Sergeant John Slowik ("Sergeant Slowik"). Sergeant Slowik testified at trial that no witness had specifically identified Cosmen as the perpetrator of the shooting. N.T., 9/16/09, at 111-12. Sergeant Slowik confirmed that a statement by one witness indicated that the shooter was a black male wearing a white shirt with a gold design on it. *Id.* at 113. Sergeant Slowik testified that another officer later observed Cosmen, at the crime scene, wearing a white shirt with a gold design on it. *Id.* at 114. In addition, Sergeant Slowik testified that subsequently, when officers went to the home of Cosmen, Cosmen answered the door wearing a white shirt with a gold design. *Id.* During his closing argument, trial counsel argued to the jury that a witness had identified the shooter as wearing the same clothing as worn by Cosmen. *Id.* at 148.

Thus, Norman's audiotaped statement regarding the clothing worn by the shooter was presented through the testimony of Sergeant Slowik. Notwithstanding this evidence, the jury found Brown guilty of the above-stated crimes. We cannot conclude that trial counsel's failure to compel Norman's testimony, or to present Norman's audiotaped statement, caused prejudice to Brown, warranting PCRA relief. *See Solano*, 129 A.3d at 1162 (stating that prejudice "means demonstrating that there is a reasonable probability that, but for counsel's error, the outcome of the proceeding

would have been different."). Accordingly, we cannot grant Brown relief on this claim.

Brown next argues that trial counsel rendered ineffective assistance by not using compulsory process to compel the testimony of Granados. Brief for Appellant at 51. The PCRA court reviewed the record and concluded that Granados's testimony would not be exculpatory. PCRA Court Opinion, 9/7/16, at 9. The PCRA court explained that Granados had informed the police that she saw Williams, the victim, arguing with another person prior to the shooting:

> [Granados] did not say it was [Brown] …. She simply said she saw an "individual." She told police that she heard someone say[,] "put it down, put it down" before she heard a gunshot. She then came out of her house and saw the decedent lying in the alley. The court fails to see the significance of the statement "put it down, put it down." … [Brown] in no way showed how the absence of her testimony prejudiced his case….

*Id.* (citation omitted). We agree with the PCRA court's analysis and conclusion, as stated above, and affirm on this basis with regard to trial counsel's failure to present the testimony of Granados. ***See id.***

Finally, Brown claims that Counsel rendered ineffective assistance for not using compulsory process to compel the testimony of Lewis. Brief for Appellant at 48-49. Our review discloses that Brown first discussed Lewis's statement in his Objection to Notice of Intent to Dismiss ("Objections"). In Objection Number 6, Brown claimed that Counsel was ineffective for failing to investigate and present the testimony of Lewis. Objections, ¶ 121.

Brown argued that Lewis's statement to police would have impeached the testimony of Smith. *Id.*, ¶ 122. Brown referred to Lewis's statement, *i.e.*, that Cosmen had left the corner while Smith and Williams were still arguing and before Smith threw a brick at Williams. *Id.*, ¶ 123. According to Brown's Objection, this testimony would "lend[] support to the theory that [Cosmen] had, in fact, r[u]n around the corner of 3rd and Engle Streets to where Mary and Engle Streets intersect, intending to help his friend Smith by intercepting Williams." *Id.*, ¶ 124. Brown raised no claim regarding trial counsel's ineffectiveness.

Our review discloses that Brown failed to establish a reasonable probability that the outcome of the proceedings would have been different, had Counsel presented this claim. Rather, Brown argues only that Lewis's testimony would have lent support to the statements of other witnesses. *See id.* Further, Lewis did not witness the shooting. *See id.* Based on the foregoing, we cannot conclude that Brown established prejudice resulting from Counsel's failure to investigate and present this claim. *See Solano*, 129 A.3d at 1162. Accordingly, we cannot grant Brown relief on this claim.

For the foregoing reasons, we affirm the Order of the PCRA court.

Commonwealth's Application granted. Motion to file Post-Submission Communication granted. Order affirmed.

Judge Stabile joins the memorandum.

Judge Olson concurs in the result.

- 10 -

J-S17045-17

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/1/2017