J-S50028-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KEVIN GUY | |
| Appellant | No. 3879 EDA 2016 |

Appeal from the PCRA Order November 30, 2016
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0003258-2011

BEFORE: PANELLA, J., MOULTON, J., and RANSOM, J.

MEMORANDUM BY MOULTON, J.: **FILED OCTOBER 10, 2017**

Kevin Guy appeals, *pro se*, from the November 30, 2016 order entered in the Montgomery County Court of Common Pleas dismissing his petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46. We affirm.

On May 7, 2012, a jury convicted Guy of delivering a controlled substance, possession with intent to deliver a controlled substance ("PWID"), and two counts of possession of drug paraphernalia.[1] On November 2, 2012, the trial court sentenced Guy to 5 to 15 years' incarceration for delivering a controlled substance, including a 2-year mandatory minimum sentence under 18 Pa.C.S. § 6317(a) for delivery of a controlled substance

---

[1] 35 P.S. §§ 780-113(a)(30), and (32), respectively.

within 1,000 feet of a school zone, and a consecutive 3 to 15 years' incarceration for PWID, including a 3-year mandatory minimum sentence under 18 Pa.C.S. § 7508(a)(2)(i) for an offense involving 2-10 grams of cocaine and a prior drug trafficking conviction. The trial court imposed no further penalty for the drug paraphernalia convictions. On September 4, 2013, this Court affirmed Guy's judgment of sentence. Guy filed a petition for allowance of appeal, which our Supreme Court denied on March 25, 2014.

On August 26, 2014, Guy filed a motion to modify sentence, arguing that his sentence was illegal under *Alleyne v. United States*, 133 S.Ct. 2151 (2013), because it contained mandatory minimum sentences. The trial court treated Guy's motion as a timely PCRA petition. Because the Commonwealth did not oppose resentencing in light of *Alleyne*, the trial court scheduled a new sentencing hearing. On December 2, 2014, following a hearing, the trial court vacated Guy's judgment of sentence and imposed Guy's original sentence without the mandatory minimum sentences.

On December 8, 2014, Guy filed a motion to reconsider and/or modify his sentence. On March 4, 2015, following a hearing, the trial court vacated the sentence imposed on December 2, 2014 and resentenced Guy to 5 to 10 years' incarceration on the conviction for delivering a controlled substance and a consecutive 3 to 10 years' incarceration on the PWID conviction. That same day, Guy filed another motion to reconsider and/or modify sentence, which the trial court denied on March 11, 2015. On December 21, 2015,

this Court affirmed Guy's judgment of sentence. Guy did not file a petition for allowance of appeal.

On August 9, 2016, Guy filed a *pro se* PCRA petition. On August 17, 2016, the PCRA court appointed counsel. On October 25, 2016, counsel filed a motion to withdraw and a **Turner**/**Finley**[2] "no-merit" letter. On October 27, 2016, the PCRA court granted counsel's motion to withdraw and filed a notice of intent to dismiss Guy's PCRA petition without a hearing under Pennsylvania Rule of Criminal Procedure 907. On November 15, 2016, Guy filed a *pro se* amended PCRA petition. On November 29, 2016, the PCRA court dismissed Guy's PCRA petition. On December 14, 2016, Guy timely filed a notice of appeal.

Guy raises two issues on appeal:

1) Whether the [PCRA] court erred in denying [Guy's] PCRA petition due to the change in law as announced by **Commonwealth v. Hopkins**[, 117 A.3d 247 (Pa. 2015),] as newly stated constitutional law to have all factors which would increase his sentence proven beyond a reasonable doubt.

2) Whether the federal court's action in similar cases have created a precedent that the state courts should follow, allow retroactive, or whether retroactive application was necessary when [Guy] filed a timely [PCRA] petition.

Guy's Br. at 2 (full capitalization omitted).

---

[2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

In his "Argument" section,[3] Guy argues that his PCRA petition meets an exception to the PCRA time bar under 42 Pa.C.S. 9545(b)(1)(i)-(iii). However, there is no question that Guy's PCRA petition is timely. Guy's judgment of sentence became final on January 21, 2016, 30 days after this Court affirmed his judgment of sentence. **See** Pa.R.A.P. 903(a). Guy filed his PCRA petition on August 9, 2016, which is within one year of when his judgment of sentence became final. **See** 42 Pa.C.S. § 9545(b)(1).

To the extent that Guy argues that his sentence is illegal because he was sentenced to mandatory minimum sentences, the issue is meritless. At sentencing, the trial court specifically stated that "mandatory sentences [would] not be applied in this matter." N.T., 3/4/15, at 3. Nor is there any indication in the record that the trial court sentenced Guy to mandatory minimum sentences. Therefore, not only are **Hopkins** and **Alleyne** inapplicable, Guy is not eligible for PCRA relief. **See** 42 Pa.C.S. § 9543(a)(2) (listing six bases for PCRA relief).

---

[3] In his August 9, 2016 PCRA petition, Guy argued that counsel who represented him on his second appeal was ineffective for failing to file a petition for allowance of appeal to our Supreme Court. **See** PCRA Pet., 8/9/16, at 4. The PCRA court found that appellate counsel was not ineffective, because Guy's second appeal raised a discretionary aspects of sentencing issue, which our Supreme Court is statutorily barred from reviewing. **See** Opinion, 1/23/17, at 5 (unpaginated); **Commonwealth v. Perry**, 32 A.3d 232, 236 n.10 (Pa. 2011) (noting that our Supreme Court is precluded from reviewing discretionary aspects of sentence under 42 Pa.C.S. § 9781(f)). In any event, Guy has not raised this issue in his appellate brief, so we need not consider it.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/10/2017