J-S20011-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
ROBERT W. FUNK, :
:
Appellant : No. 1611 MDA 2017

Appeal from the PCRA Order entered  September 7, 2017,
in the Court of Common Pleas of Dauphin County,
Criminal Division at No(s):  CP-22-CR-0001293-2015.

BEFORE:  GANTMAN, P.J., OTT, J., and KUNSELMAN, J.

MEMORANDUM BY KUNSELMAN, J.:                **FILED MAY 31, 2018**

Robert W. Funk appeals *pro se* from the order denying his first petition for relief pursuant to the Post Conviction Relief Act.  42 Pa.C.S.A. §§ 9541-46.  We affirm.

On July 13, 2015, Funk entered into a negotiated plea to aggravated indecent assault and related offenses.  That same day, in accordance with the plea agreement, the trial court sentenced him to an aggregate term of 1 ½ to 3 years of imprisonment and a consecutive seven-year probationary term. Funk did not file a direct appeal.  On June 30, 2016, Appellant filed a timely *pro se* PCRA petition, and the PCRA Court appointed counsel to assist him. After being granting several extensions of time, on May 5, 2017, PCRA counsel filed a motion to withdraw and a "no-merit" letter pursuant to

*Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

On August 1, 2017, the PCRA Court issued Pa.R.Crim.P. 907 notice of its intent to dismiss Funk's petition without a hearing.[1]  Funk filed a response.  By order entered September 7, 2017, the PCRA court denied Funk's PCRA petition.  This appeal followed.  By order entered July 24, 2017, the PCRA court ordered Funk to file within 21 days a concise statement of errors complained of on appeal.  In this order, the trial court warned Funk that the "failure to comply with this order may be considered by the appellate court as a waiver of all objections to the order, ruling or other matter complained of."

Before reaching Funk's claims raised on appeal, we must first determine whether they are properly before us.  Although the PCRA court has filed a statement in lieu of opinion pursuant to Pa.R.A.P. 1925(a) in which it stated that "[u]pon consideration of [Funk's] Statement of Matters Complained of On Appeal" it relies on the reasoning given in its Pa.R.Cim.P. 907 notice, the certified record does not contain a filed copy of Funk's Rule 1925(b) statement.[2]  *See* Pa.R.A.P. 1925(b)(1) (directing that an appellant "**shall file**

---

[1] In this order, the PCRA court also granted PCRA counsel's motion to withdraw.

[2] In a footnote, the PCRA court further noted that Funk's notice of appeal was untimely.  Our review of the record reveals that, even applying the "prisoner mailbox rule" Funk's appeal from the September 7, 2017 order was post-

**of record** the Statement and concurrently shall serve the judge"). (emphasis added). Thus, although Funk may have sent his Rule 1925(b) statement to the PCRA court, his failure to file the statement of record renders any issue raised by Funk waived.[3] ***See generally***, Pa.R.A.P. 1925(b)(4)(vii); ***Commonwealth v. Allshouse***, 969 A.2d 1236 (Pa. Super. 2009). We therefore affirm the PCRA court's order denying Funk post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 05/31/18

---

marked on October 12, 2014. Nevertheless, because the notice of appeal lists a date of October 6, 2017, we will not quash this appeal as untimely. ***See Commonwealth v. Patterson***, 931, A.2d 710, 714 (Pa. Super. 2007) (concluding that, even without postmark definitively noting date of mailing, quashal may be avoided where there is an indication the appellant like placed the notice of appeal in the prison mail system before the thirtieth day).

[3] Absent waiver, we note that the multiple defects in Funk's appellate brief, including the failure to provide as statement of issues, would have hampered effective appellate review. ***See generally***, ***Commonwealth v. Freeland***, 106 A.2d 768, 776-77 (Pa. Super. 2014).