J. S47040/17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA    :     IN THE SUPERIOR COURT OF
                                  :            PENNSYLVANIA
              v.             :
                                  :
TYON STOKES,                  :         No. 2655 EDA 2016
                                  :
           Appellant     :

Appeal from the PCRA Order, July 26, 2016,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0006083-2009

BEFORE:  LAZARUS, J., MOULTON, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:       **FILED AUGUST 09, 2017**

Tyon Stokes appeals ***pro se*** from the July 26, 2016 order entered in the Court of Common Pleas of Philadelphia County which dismissed, without a hearing, his petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The trial court set forth the following factual history:

> On March 15, 2003, [appellant] and Phillip Sheridan got into an argument over drug territory in West Philadelphia.  [Appellant] observed Sheridan selling drugs on Chester Avenue between 55th and 56th Streets.  [Appellant] approached Sheridan, warning him that [appellant] would kill him if Sheridan made another sale on the block.  Sheridan failed to comply with [appellant's] request and made another sale.  [Appellant] again told Sheridan he would kill him.  Sheridan then began to approach [appellant], taunting [appellant].  [Appellant] told Sheridan they don't fight out there and showed Sheridan his firearm.  Sheridan

> continued walking towards [appellant], who pulled out his gun and fired several shots at Sheridan, striking him in the head, arm, leg, and abdomen, killing him.

Trial court opinion, 11/14/16 at 2-3.

The trial court set forth the following procedural history:

> [Appellant] was convicted [in a jury trial] [1] of first degree murder and possessing [an] instrument of [] crime.[2] [Appellant] was subsequently sentenced to life imprisonment without parole for the homicide bill, with no further penalty for possessing an instrument of a crime.
>
> A timely appeal was filed with the Superior Court, which affirmed the judgment of sentence on March 6, 2014. [Appellant's] petition for allowance of appeal was denied by the Supreme Court on September 17, 2014. [Appellant] filed his [PCRA petition] on February 13, 2015. New counsel was appointed who filed a **Finley**[Footnote 1] letter and motion to withdraw as counsel on May 19, 2016. Despite [appellant] filing a **pro se** response to the Rule 907 dismissal notice, the petition was dismissed on July 26, 2016. [Appellant] filed a **pro se** notice of appeal on August 19, 2016, and a **pro se** Statement of Matters Complained of on Appeal on September 23, 2016.
>
> > [Footnote 1] **Commonwealth v. Finley**, [] 550 A.2d 213 ([Pa.Super.] 1988) [(**en banc**)].

**Id.** at 1-2.

---

[1] The record reflects that appellant committed his crimes on March 15, 2003, but was not arrested until November 15, 2008. The trial court appointed defense counsel and granted various continuances. Prior to trial and as a result of a conflict of interest, new counsel was appointed. The case was then relisted for a jury trial.

[2] 18 Pa.C.S.A. §§ 2502(a) and 907(a), respectively.

Appellant raises the following issues for our review:

> I. Did the PCRA court err in considering appellant's 4th Amendment violation claim without merit, wherein appellant argued: counsel was ineffective for stipulating to the alleged authorization employed to seize [appellant's] outgoing mail and for failing to motion for suppression of letters seized as a result[?]
>
> II. Was PCRA counsel ineffective in failing to argue the merits of trial counsel's ineffective assistance for a) stipulating to the truth of the means by which the appellant's outgoing mail was seized and b) failing to preserve the violation of U.S. [Constitutional] Amendment IV that resulted?

Appellant's brief at vii (full capitalization omitted).

We limit our review of a PCRA court's decision to examining whether the record supports the PCRA court's findings of fact and whether its conclusions of law are free from legal error. *Commonwealth v. Mason*, 130 A.3d 601, 617 (Pa. 2015) (citations omitted). We view the PCRA court's findings and the evidence of record in a light most favorable to the prevailing party. *Id.*

To be entitled to PCRA relief, the defendant bears the burden of establishing, by a preponderance of the evidence, that his conviction or sentence resulted from one or more of the circumstances enumerated in 42 Pa.C.S.A. § 9543(a)(2), which include ineffectiveness of counsel that "so undermined the truth-determining process that no reliable adjudication of

guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(i) and (ii); *see also Mason*, 130 A.3d at 618 (citations omitted).

Here, appellant's claims assert ineffective assistance of trial counsel and PCRA counsel.

> Counsel is presumed effective, and in order to overcome that presumption a PCRA petitioner must plead and prove that: (1) the legal claim underlying the ineffectiveness claim has arguable merit; (2) counsel's action or inaction lacked any reasonable basis designed to effectuate petitioner's interest; and (3) counsel's action or inaction resulted in prejudice to petitioner. With regard to reasonable basis, the PCRA court does not question whether there were other more logical courses of action which counsel could have pursued; rather, [the court] must examine whether counsel's decisions had any reasonable basis. Where matters of strategy and tactics are concerned, [a] finding that a chosen strategy lacked a reasonable basis is not warranted unless it can be concluded that an alternative not chosen offered a potential for success substantially greater than the course actually pursued. To demonstrate prejudice, a petitioner must show that there is a reasonable probability that, but for counsel's actions or inactions, the result of the proceeding would have been different. Failure to establish any prong of the [] test will defeat an ineffectiveness claim.

*Mason*, 130 A.3d at 618 (internal quotation marks and citations omitted).

Appellant complains that trial counsel was ineffective for failing to move to suppress prison correspondence from appellant to an inmate housed at another state correctional institution ("SCI") and for entering into a stipulation at trial with respect to the outgoing-mail procedure followed at SCI Fayette and that SCI Fayette intercepted four outgoing incriminating

letters written by appellant because seizure of the letters violated his constitutional rights. Appellant further complains that PCRA counsel was ineffective for failing to raise trial counsel's ineffectiveness in this regard. Appellant's claim lacks arguable merit.

In **Commonwealth v. Moore**, 928 A.2d 1092 (Pa.Super. 2007), this court addressed the issue of whether a prisoner has a constitutional right to privacy in his non-privileged prison mail under the Fourth Amendment of the United States Constitution and Article 1, Section 8 of the Pennsylvania Constitution, recognizing that:

> [a]lthough prison walls do not separate inmates from their constitutional rights, because of the unique nature and requirements of the prison setting, imprisonment carries with it the circumscription or loss of many significant rights . . . to accommodate a myriad of institutional needs . . . chief among which is internal security. Prisoners have used the mail to transport contraband into and out of prison, to discuss and participate in ongoing criminal activity, and to coordinate escape plans. An unrestricted privacy interest in non-privileged mail would assist criminal objectives by facilitating the transmission of information. On the other hand, prisoners must appreciate the inherent loss of privacy in a prison, where security and surveillance obviate any legitimate expectation of privacy.

*Id.* at 1102 (quotation marks and internal citations omitted). This court then held that a "[prisoner] has no constitutional right to privacy in his non-privileged mail." *Id.* Therefore, appellant's claim that he had a constitutional right to privacy in his non-privileged prison correspondence lacks arguable merit.

- 5 -

Order affirmed.[3]

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/9/2017

---

[3] Appellant filed a reply brief in this matter wherein he requested that this court "consider the [Commonwealth's] brief barred from consideration, as it is untimely filed." (Appellant's reply to Commonwealth's brief as appellee, 6/13/17 at 2.) This court, however, entered an order on June 7, 2017 that granted the Commonwealth's third application for an extension of time to file its brief and accepted the Commonwealth's brief filed May 31, 2017 as timely filed. (Order of court, 6/7/17.) Therefore, we deny appellant's request.