J-A20025-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DENNIS MOORE | : | |
| | : | |
| Appellant | : | No. 2495 EDA 2021 |

Appeal from the PCRA Order Entered November 23, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at No:  CP-51-CR-0006751-2016

BEFORE:   BENDER, P.J.E., STABILE, J., and PELLEGRINI, J.[*]

MEMORANDUM BY STABILE, J.:                    **FILED NOVEMBER 7, 2022**

Appellant, Dennis Moore, appeals from the November 23, 2021 order entered in the Court of Common Pleas of Philadelphia County, dismissing his petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  Appellant argues that the PCRA court erred in dismissing his petition in light of trial counsel's ineffectiveness for, *inter alia*, failing to ensure the presence of a witness at Appellant's trial, and because PCRA counsel was ineffective for failure to raise trial counsel's ineffectiveness.  Following review, we affirm.

As the PCRA court explained, 37-year-old Julius Fleming was found shot to death on August 6, 2013 on Agate Street in Philadelphia.  Although the

_____

[*] Retired Senior Judge assigned to the Superior Court.

decedent had alcohol and PCP in his system, the cause of his death was multiple gunshot wounds, including two to his head. Appellant was arrested on June 2, 2016 and was charged with Fleming's murder as well as various firearms violations. Rule 1925(a) Opinion, 1/25/22, at 1.[1]

The trial court summarized testimony presented at trial, which this Court incorporated in its memorandum on direct appeal, as follows:

> At trial, Kenyatta Lyons testified that on August 6, 2013, she lived on the 3300 block of Agate Street. During the night-time hours, she had gone around the corner from her home to a convenience store. She returned to Agate Street where she saw [Appellant], whom she had known for about nine years. They chatted for about 10 minutes. She walked the distance of four or five houses toward her home. She turned around and saw [Appellant] shoot Julius Fleming about five or six times. She said that the final shot was to Mr. Fleming's head.
>
> Ms. Lyons stated that she did not report the incident to the police because she felt that her life could be in danger. On March 18, 2016, the police approached her near her home and took her to homicide headquarters. She gave a signed statement to the police. She identified photographs of [Appellant] and Julius Fleming.
>
> Janice Fioravanti testified that on August 6, 2013, at about 11 p.m., she was inside her home on Agate Street when she heard what sounded like five firecrackers. She went outside and saw a man drive away on a bicycle. She found the body of Julius Fleming. She was taken to homicide headquarters where she gave a written statement and was shown some photographs. She thought that she recognized one photograph, but was not 100 per cent sure that the photograph was that of the man on the bicycle.

_____

[1] While the PCRA court identifies the victim as "Julius Flemming," we have adopted the spelling (Fleming) that appears in the trial court's opinion, which a panel of this Court quoted on direct appeal.

Edward Jaje testified that on August 6, 2013, he was inside his home on the 3300 block of Agate Street, when he heard three shots, followed after a pause by two or three more shots. He looked out the window and saw a man stuffing something into his pants pocket and running to the house next door. He saw the man get on a bicycle and ride away. Mr. Jaje went outside where he saw Janice Fiorvante [*sic*] and the body of his neighbor, Julius Fleming.

Mr. Jaje gave a statement to police. Because he was afraid of retaliation, Mr. Jaje did not tell police that he had recognized the shooter. Sometime after the shooting, Mr. Jaje moved to another neighborhood. About three years after the shooting, police again interviewed Mr. Jaje, who then identified [Appellant] in a photo array. In the course of his testimony, . . . Mr. Jaje identified [Appellant] as the shooter.

Dr. Albert Chu of the Medical Examiner's office testified that Julius Fleming died from multiple gunshot wounds and that the manner of death was homicide. He said that the decedent had sustained five gunshot wounds—to the forehead, right lower jaw, head, chest and right shoulder.

A document from the Pennsylvania State Police was introduced into evidence certifying that [Appellant] was not licensed to carry a firearm in Pennsylvania.

[Appellant's] aunt, Charlese Lee, testified that [Appellant] had a "very good" reputation for being a peaceful, nonviolent individual. [Appellant] did not testify.

*Commonwealth v. Moore*, 3119 EDA 2017, unpublished memorandum at 1-3 (Pa. Super. filed November 21, 2018) (quoting Trial Court Opinion, 1/10/18, at 2-5) (citations to record omitted).

On August 16, 2017, at the conclusion of Appellant's trial before the Honorable Steven R. Geroff, the jury returned a guilty verdict on all charges. Appellant was sentenced to life without possibility of parole for first-degree

- 3 -

murder and other concurrent sentences for the firearms violations. Rule 1925(a) Opinion, 1/25/22, at 1-2.

Appellant filed an appeal to this Court after his post-sentence motions were denied. We affirmed his judgment of sentence on November 21, 2018 and our Supreme Court denied his petition for allowance of appeal on May 7, 2019. *See **Commonwealth v. Moore***, 3119 EDA 2017, unpublished memorandum (Pa. Super. filed November 21, 2018), *appeal denied*, 603 EAL 2018 (Pa. 2019). Rule 1925(a) Opinion, 1/25/22, at 2.

Appellant filed a timely *pro se* PCRA petition on February 14, 2020. Because Judge Geroff was no longer assigned to the criminal division, the PCRA case was assigned to the Honorable Tracy Brandeis-Roman. On August 27, 2020, Earl G. Kauffman, Esq., was appointed as counsel and, on September 27, 2020, filed a ***Finley***[2] no-merit letter. Appellant filed a response and counsel filed another ***Finley*** letter on March 2, 2021, in which he supplemented his earlier letter, addressing the issues raised in Appellant's response. Counsel also filed a motion to withdraw. ***Id.***

Appellant filed a response to the supplemented ***Finley*** letter, raising three additional issues he considered meritorious. On July 31, 2021, counsel responded to Appellant's filing. ***Id.***

---

[2] ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988).

On September 21, 2021, the PCRA court issued a Rule 907 Notice of its intent to dismiss Appellant's petition without a hearing. Although Appellant filed a *pro se* request for additional time to respond, he did not file a response to the Rule 907 Notice before the PCRA court issued its order on November 23, 2021, dismissing the petition and granting counsel's motion to withdraw. The order further directed that counsel be appointed for direct appeal.

On November 30, 2021, Stephen T. O'Hanlon, Esq., filed a timely notice of appeal. On December 2, 2021, the PCRA court ordered a statement of errors pursuant to Pa.R.A.P. 1925 and counsel complied by filing a Rule 1925(b) statement on December 21, 2021.[3] *Id.* at 2-3.

Appellant presents one issue for our review:

1. Did the PCRA court err in dismissing Appellant's PCRA petition without a hearing when the PCRA court's dismissal was not supported by the record and free from legal error because PCRA counsel was ineffective for failing to address or raise trial counsel's ineffectiveness for failing to ensure the presence of Steven Lyons at trial and for failing to obtain and present evidence that Mr. Lyons received a favorable sentencing reduction and/or lack of prosecution for initiating cooperation against Appellant and Mr. Lyons' relevant docket is sealed, when Kenyatta Lyons cooperated in order to help her brother Steven Lyons as above, when other witnesses recanted and/or did not see the actual shooting of Decedent, and when this effectively denied Appellant, an individual with good character, the opportunity to properly confront his accusers at trial?

Appellant's Brief at 4 (some capitalization omitted).

_____

[3] Despite the pending appeal before this Court filed by counsel for Appellant, the docket reflects that Appellant filed a *pro se* Amended PCRA petition on December 10, 2021.

On appeal from the dismissal of a PCRA petition, we "examin[e] whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." *Commonwealth v. Busanet*, 54 A.3d 35, 45 (Pa. 2012). "Our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the party who prevailed in the PCRA court proceeding." *Id.*

With respect to review of ineffectiveness claims:

> It is well-settled that counsel is presumed to have been effective and that the petitioner bears the burden of proving counsel's alleged ineffectiveness. *Commonwealth v. Cooper*, 596 Pa. 119, 941 A.2d 655, 664 (2007). To overcome this presumption, a petitioner must establish that: (1) the underlying substantive claim has arguable merit; (2) counsel did not have a reasonable basis for his or her act or omission; and (3) the petitioner suffered prejudice as a result of counsel's deficient performance, "that is, a reasonable probability that but for counsel's act or omission, the outcome of the proceeding would have been different." *Id.* A PCRA petitioner must address each of these prongs on appeal. *See Commonwealth v. Natividad*, 595 Pa. 188, 938 A.2d 310, 322 (2007) (explaining that "appellants continue to bear the burden of pleading and proving each of the *Pierce*[4] elements on appeal to this Court"). A petitioner's failure to satisfy any prong of this test is fatal to the claim. *Cooper*, 941 A.2d at 664.

*Commonwealth v. Wholaver*, 177 A.3d 136, 144 (Pa. 2018).

---

[4] *Commonwealth v Pierce*, 786 A.2d 203, 213 (Pa. 2001) (reiterating the well-settled elements of the ineffectiveness test, as rephrased in *Cooper* and quoted in this excerpt from *Wholaver*).

Appellant's stated issue reflects a layered claim of ineffective assistance, calling into question the effectiveness not only of trial counsel but also of PCRA counsel. We note that in *Commonwealth v. Bradley*, 261 A.3d 381 (Pa. 2021), our Supreme Court held that "a PCRA petitioner, may after a PCRA court denies relief, and after obtaining new counsel . . ., raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal." *Id.* at 401 (footnote omitted). Here, the PCRA court denied relief and Appellant's new counsel is raising a claim of PCRA counsel ineffectiveness. Therefore, a claim of PCRA counsel ineffectiveness is properly before this Court. However, in order to prove that PCRA counsel was ineffective for failing to assert trial counsel's ineffectiveness, Appellant must first establish that trial counsel was ineffective. *See, e.g., Commonwealth v. Paddy*, 15 A.3d 431, 443 (Pa. 2011) (to prevail on a layered claim of ineffectiveness, "a PCRA petitioner must present argument as to each of the three prongs of the *Pierce* test for each layer of allegedly ineffective representation.").

Appellant's assertion of trial counsel ineffectiveness relates to trial counsel's alleged failure to secure the presence of Steven Lyons at trial and counsel's failure to present evidence that Steven Lyons received a favorable sentence reduction or avoided prosecution by initiating the cooperation of his sister, prosecution witness Kenyatta Lyons.

Rejecting this claim as meritless, the PCRA court explained:

First, despite not calling Steven Lyons as a witness, trial counsel explored the theory that Kenyatta Lyons was providing false

testimony in order to help her brother. This appears to be an indirect method by which Appellant is trying to attack the credibility of Kenyatta Lyons. Second, even if Appellant did prove that Kenyatta Lyons provided false testimony in order to help her brother, it would not address the testimony provided by witnesses Janice Fioravanti, Edward Jaje, or Dr. Albert Chu.

Rule 1925(a) Opinion, 1/25/22, at 4.

Further:

"In order to make a claim of ineffectiveness for failure to interview and/or present a witness, appellant must prove: (1) the existence and availability of the witness; (2) counsel's awareness of, or duty to know of the witness; (3) the witness' willingness and ability to cooperate and appear on behalf of appellant; and (4) the necessity of the proposed testimony in order to avoid prejudice." *Commonwealth v. Hall*, 701 A.2d 190, 201 (Pa. 1997). "A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim." *Commonwealth v. Fulton*, 830 A.2d 567, 572 (Pa. 2003). . . .

At best, Appellant would only be able to meet the first two prongs of the *Hall* test. Steven Lyons could have been brought from prison to testify at Appellant's trial, and trial counsel conducted his cross-examination of Sergeant Wilkins on what information was provided to police by Kenyatta Lyons and Steven Lyons, therefore trial counsel would have been aware of the existence of the witness. However, Appellant failed to meet the third or fourth prongs of the *Hall* test. If Steven Lyons truly did lie about Appellant to his sister in order to obtain relief from his prison sentence, then Appellant fails to explain why Steven Lyons would ruin his attempt to obtain relief from his sentence by then testifying "truthfully" at Appellant's trial. In fact, Appellant did not provide an affidavit from Steven Lyons stating that he is willing to testify that he gave false information to the police against Appellant in order to obtain relief from his own sentence or an explanation as to why Appellant was unable to produce Steven Lyons to testify currently. Considering that Sergeant Wilkins was cross-examined regarding what information Steven Lyons had provided, calling Steven Lyons to testify to the same information at trial was not necessary.

*Id.* at 5-6. The PCRA court then set forth excerpts of Sergeant Wilkins' testimony at trial in which he discussed his interview of Kenyatta Lyons that was prompted by a phone call indicating that Steven Lyons had information about a Philadelphia homicide. PCRA Opinion, 1/25/22, at 6-8. The PCRA court then observed:

> As can be seen, trial counsel used his cross-examination of Sergeant Wilkins to attack the credibility of Kenyatta Lyons and Steven Lyons. By having Sergeant Wilkins testify that Steven Lyons had called Detective Gaul from prison with information regarding the homicide for which Appellant was charged, trial counsel cast doubt on the credibility of both Steven Lyons and Kenyatta Lyons and exposed a major bias both individuals had in providing this information to police. Finally, even if trial counsel had managed to undermine the credibility of Steven Lyons and Kenyatta Lyons, it would not have changed the end result of Appellant's trial.

*Id.* at 8.

The PCRA court proceeded to summarize the testimony of additional witnesses who identified Appellant as the shooter and noted counsel's effective cross-examination challenging the credibility of the witnesses. *Id.* at 9-13. The court noted:

> Although Appellant addresses issues with other witnesses in his PCRA petition and his opposition to PCRA counsel's *Finley* letter, Appellant focuses entirely on Kenyatta Lyons and Steven Lyons on appeal. Due to the fact that other witnesses testified against Appellant, Appellant's focus on Steven and Kenyatta is insufficient to warrant relief. Even if both Steven Lyons and Kenyatta Lyons were proven to not be credible, Appellant has not managed to prove that the other witnesses who testified against him did not testify credibly. As a result, even if Appellant could prove his allegations against Steven Lyons and Kenyatta Lyons, it would not warrant relief. Therefore, Appellant's issue is meritless.

*Id.* at 13.

We conclude the PCRA court's findings of fact, viewed in the light most favorable to the Commonwealth, are supported by the record and that it reached the correct legal conclusion when it determined that Appellant's claim of trial counsel ineffectiveness lacked arguable merit. Because the failure to satisfy any prong of the *Pierce* test is fatal to the claim, *see Wholaver*, 177 A.3d at 144, Appellant's claim of trial counsel ineffectiveness fails.

With respect to the claim of PCRA counsel ineffectiveness, to prevail on a layered claim, an appellant must present argument as to each of the three prongs of the *Pierce* test for each layer of allegedly ineffective representation. *Paddy*, 15 A.3d at 443 (citations omitted). Where, as here, Appellant cannot prove that his claim of trial counsel ineffectiveness had arguable merit, then Appellant's "derivative claim of [PCRA] counsel ineffectiveness of necessity must fail, and it is not necessary for the court to address the other two prongs of the *Pierce* test as applied to [PCRA] counsel." *Id.* (citations omitted). Appellant is not entitled to relief on his claim of PCRA counsel ineffectiveness.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/7/2022

- 10 -