J-S30008-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRANDON T. SCHONFELD | : | |
| | : | |
| Appellant | : | No. 1857 EDA 2022 |

Appeal from the Order Entered June 2, 2022
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0007738-2013

BEFORE:  BENDER, P.J.E., LAZARUS, J., and SULLIVAN, J.

MEMORANDUM BY BENDER, P.J.E.: **FILED OCTOBER 31, 2023**

Appellant, Brandon T. Schonfeld, appeals *pro se* from the trial court's June 2, 2022 order stating that the appearance of his post-conviction counsel, Stephen D. Molineux, Esq., is withdrawn.  After careful review, we dismiss this appeal.

The following procedural history is pertinent to our decision herein. Appellant was convicted of various assault and firearm offenses on October 24, 2014.  He was sentenced on December 9, 2014, to a term of 31½ to 63 years' incarceration.  This Court affirmed on direct appeal, and our Supreme Court denied his subsequent petition for permission to appeal.  **See Commonwealth v. Schonfeld**, 156 A.3d 346 (Pa. Super. 2016) (unpublished memorandum), *appeal denied*, 168 A.3d 1243 (Pa. 2017).

On June 29, 2020, Appellant filed a *pro se* petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, and Attorney Molineux

was appointed as counsel. On December 23, 2021, Attorney Molineux filed a petition to withdraw and a 'no-merit letter' under **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). On December 28, 2021, the court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition without a hearing on the basis that it was untimely. Appellant filed a *pro se* response, but on January 31, 2022, the court entered an order denying his petition.

On March 3, 2022, Appellant filed a *pro se* notice of appeal from the court's January 31, 2022 order. This Court docketed that appeal at 632 EDA 2022. On May 25, 2022, this Court entered a *per curiam* order pointing out that the PCRA court had apparently not ruled on Attorney Molineux's petition to withdraw and, therefore, the status of Appellant's representation was unclear. **See** Order, 5/25/22, at 1 (unnumbered). Accordingly, we directed the PCRA court to decide counsel's petition to withdraw and notify this Court of its ruling within thirty days. **Id.** On June 2, 2022, the PCRA court entered an order stating that the appearance of Attorney Molineux as counsel for Appellant was withdrawn. **See** PCRA Court Order, 6/2/22, at 1 (unnumbered single page). The court's order was served on Attorney Molineux, as well as Appellant, and docketed by this Court on August 15, 2022.

On October 3, 2022, Appellant filed a *pro se* request for an extension of time to file his brief in the appeal docketed at 632 EDA 2022, which this Court granted on October 24, 2022. However, Appellant never filed any brief with

this Court and, therefore, we issued an order on January 19, 2023, dismissing his appeal at 632 EDA 2022.

Meanwhile, Appellant had filed another *pro se* notice of appeal on July 15, 2022, which was docketed at the present number of 1857 EDA 2022. In Appellant's notice of appeal, he states that he is appealing from the PCRA court's June 2, 2022 order withdrawing Attorney Molineux's appearance as counsel for Appellant.[1] However, in Appellant's *pro se* appellate brief, he declares that he is challenging the court's January 31, 2022 order denying his PCRA petition, and he presents arguments solely related to that order. **See** Appellant's Brief at 1, 7-16.

Based on these circumstances, we are compelled to dismiss this appeal. Appellant offers no argument regarding the order from which he filed his notice of appeal, *i.e.*, the court's June 2, 2022 order withdrawing Attorney Molineux's appearance.[2] Moreover, to the extent that he clearly intends to challenge the court's January 31, 2022 order denying his PCRA petition, his present appeal was not only filed during the pendency of his prior appeal from

_____

[1] The trial court's docket entry for the June 2, 2022 order indicates that service was made on Appellant on June 15, 2022. **See** Pa.R.Crim.P. 114(C)(2)(c) (stating that docket entries "shall contain" the "date of service of the order"). Accordingly, Appellant's notice of appeal filed on July 15, 2022, was timely. Pa.R.A.P. 108(a)(1) (directing that, in computing any period of time under these rules involving the date of entry of an order by a court or other government unit, the day of entry shall be the day the clerk of the court or the office of the government unit mails or delivers copies of the order to the parties).

[2] Accordingly, we need not determine if that order is even appealable.

that same order (docketed at 632 EDA 2022), but it was also filed well after the 30-day time-frame for appealing from the January 31, 2022 order had passed. *See* Pa.R.A.P. 903(a) (requiring that an appeal be filed within 30 days after the entry of the order from which it is taken). Consequently, we dismiss this appeal.

Appeal dismissed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>10/31/2023</u>